Ruffin, Chief Justice,
having stated the case as above, proceeded as follows : This Court is unable to take the same view of the case which his Honor did. The bill appears to us to present every fact material to the equity -asked by the plaintiff; and the allegations of the bill are either admitted or not denied ; which, in this stage of the proceeding, is all one. It must be taken then, that the execution was levied at the instance of the surety on the property of the principal and would have been satisfied but for the admitted acts of the defendants; and that now it cannot be satisfied out of the effects of the principal, who is insolvent. The question is, whether t-hose acts of the defendants are justifiable, or are so injurious to the plaintiff as to discharge him.
The decree does not express the principle on which it is, founded. We suppose it to have gone on the ground taken in the answer, that the defendant Williams being the owner of the two debts, had the right so to dispose of the respec *120 tive securities as to protect himself in the result from any loss.
In favor of sureties, a security stands upon the same footing with a payment. If the principal direct a fund to be applied to the payment of a debt for which the surety is bound, the creditor cannot, for his own-advantage, change the application to ’another debt. As respects the surety the debt is paid.
So, if the debtor give the creditor a mortgage as-a further security for a debt, for which a surety is before bound, the creditor cannot for any purpose of ease to the or of°ad-anytfih-d0 person or to himself, surrender J10 must the mortgaged proper-other pui--Pos?.- The creditor was not be'aetive 5"g°th^m' mortgage, but once accepted, he must keep it on {ootlLor dle benefit of the surety himself.
*120 This Court does not accede to that doctrine so far as the creditor endeavors to save himself from the loss of one debt by throwing on the surety the loss of the other. The surety is entitled to the benefit of every additional or collateral security which the creditor gets into his hands for the debt for which the surety is bound. As. soon as such a security is created, and by whatever means, the surety’s interest in it arises ; and the creditor cannot himself no.r by any collusion with the debtor do any act to impair the security or destroy the surety’s interest. 'He is bound not to do it. A security stands upon the same footing with a payment. If the principal direct the fund to be applied to the payment of a debt for which the surety is bound, the creditor cannot for his own advantage change the application to another debt. As respects the surety, the debt is paid. So if the debtor give the creditor a mortgage as a further security for a debt, for which a surety is before bound, the' creditor cannot for any purpose of ease to the debtor or of advantage to any third person, or to himself, surrender the mortgage or direct the mortgaged property to another purpose. The creditor was not bound to be active in obtaining the mortgage; but once accepted, he must keep it on foot for the benefit of the surety as well as himself. Besides his own interest, he is a trustee for all concerned. Moreover, in the execution of it the debtor intended not only the surety of the creditor, but the indemnity of the surety ; and therefore the surety must be consulted before one or both of the other parties can dispose of the mortgage. It is the same with securities not provided by the debtor or obtained against him, in invito. If the creditor take judgment against the principal and release it, the surety is of course discharged. So it was held by us in Cooper and Arrington v. Wilcox, Ante Vol. 2, page 90, that a fieri facias levied was a substantive additional security to the extent of all the property seized, and that to discharge it, for favor to the principal, exonerated the surety. The purpose of applying the fund to the satisfaction of anothor debt to the same creditor will not authorize the surrender of the mortgage or the discharge of the levy *121 more than favor to the debtor would. For the creditor is to the extent of the sureties held by him a trustee for the surety and therefore cannot upon any pretence deal to his prejudice without his consent. To the extent the property would satisfy the debt the surety is, as cestui que trust of the creditor, to be considered in this Court the owner of it. To the same extent the application made in this case is, in the view pay the debt of r J taking one man’s property to oí equity, another.
same with notprovid-aobt?ined The creditor take judgment against the principal and release it, the surety is of course discharged.
the creditor in both instances. tion to be enforced by the Sheriff, and not to transfer the debt for the very purpose of destroying that But the case is yet stronger than if Brinkley had been The assignment does 0 give Williams the legal title to the judgment, but it transfers that and no more, which Brinkley could justly and equitably transfer. If we admit that Brinkley could have with-i , drawn the execution to let m another debt to himself — on the law of self-preservation ; yet he ought not to do so in favor of another creditor, who had no previous claim on his benevolence and no specific claim on the property. Brink- . . . i • ti , A,. ' 1 ', ley s duty to the plamtin was to allow the lien or the execu-1 lien; and ' Williams ought not to have accepted what he knew Brinkley ought not to give.
^ In the opinion of the Court, the injunction should been continued until the hearing ; and if the .plaintiff should establish the facts, that he was surety and that the land levied -both of which we to The decree must there-this opinion on was of greater value than the debt nearly collect from the answers — he will be entitled decree discharging him altogether, fore be reversed, with costs in this Court, and certified to the Court below.
Per Curiam. Decree reversed.