The plaintiff alleges in his complaint, that he was indebted unto one John S. Burwell, in the sum of six hundred dollars, with D.C. Parish as one of his sureties; and that thereafter, to secure this and other debts which the plaintiff owed, he afterwards, to wit: on the 4th of December, 1857, executed a deed to the defendant, as trustee, conveying therein certain realty, which defendant was to sell, and apply the proceeds thereof to the payment of the debts embraced in said conveyance, if said debts were not fully paid off and discharged at the expiration of six months from the execution thereof. (536)
That all said debts have been paid off by defendant, except the claim of John S. Burwell, and that one of the sureties thereto, to wit: D.C. Parish, paid off and discharged said debt in 1862, in Confederate Treasury notes; that in 1863, plaintiff offered to repay the said Parish in Confederate currency, the amount he had paid as surety for plaintiff, which he declined to receive; that defendant now threatens to sell the land embraced in said deed in trust to satisfy the claim of the said Parish, or some pretended debt to one Addison Mangum, who is a stranger to said deed in trust. That defendant has already advertised said lands to pay off the debt due to the said Parish or Mangum.
The defendant in his answer, admits that he accepted the trust, and that in 1863, John S. Burwell, brought an action in the County Court of Granville, on his note secured in said deed in trust, against the plaintiff and his sureties; that judgment was obtained thereon, when a fi. fa. and afterwards a ven. ex. issued thereon; that in December, 1862, D.C. Parish, the surety of the plaintiff, paid off said ven. ex. in Confederate currency, when the said John S. Burwell endorsed said ven. ex. to the said D.C. Parish; that on the 15th June, 1866, Parish sold and assigned to Ellison Mangum, for value, all his interest arising out of the deed in trust, to defendant, an account of the moneys he had paid for plaintiff.
Upon the coming in of the answer of the defendant, a motion was made to dissolve the injunction heretofore granted, which was allowed. Appeal by plaintiff.
When Parish, the surety for the plaintiff, paid the debt to the creditor, Burwell, and took an assignment form him, (537) it operated to extinguish that debt at law. Sherwood v. Collier, 14 N.C. 380.
But by the payment, the surety acquired a right of action against his principal, to the value of his payment, and upon a familiar principle of equity, became entitled to the benefit of the security which had been taken by the creditor from the principal. Nelson v. Williams, 22 N.C. 118.
This equitable right he could assign, with the benefit of the security which was incident to it, and his assignee, Mangum, acquired the same right to require a sale of the property conveyed in trust, as his assignor, or as the original creditor had.
There is no ground for the plaintiff's injunction.
Per Curiam.
Judgment affirmed.
Cited: Wilson v. Bank, 72 N.C. 626; Holden v. Strickland, 116 N.C. 191;Pully v. Pass, 123 N.C. 170; Davidson v. Gregory, 132 N.C. 396;Tripp v. Harris, 154 N.C. 298; Liverman v. Cahoon, 156 N.C. 207.