MARGARET A. McEACHERN v. ANGUS GILCHRIST and others.

J. F. executed and delivered deeds of gift, conveying certain real property to each of his four children ; he conveyed to M. and E. three tracts of land, as tenants in common for life, with remainder in fee to such children as they might have living at the time of their death, reserving to himself a life estate in said lands, subject to the following incumbrances, to-wit: "and if there shall be any indebtedness existing against the estate of the said J. F., (the grantor,) at the time of his death, which the property belonging to his estate, and not disposed of by him in his lifetime, shall not be sufficient to pay off and satisfy," he directs that the same "shall be paid in equal parts by his four children, to-wit: R., E., M. and H., and the property, both real and personal, hereby given, &c., to them and each of them, or for their benefit severally, is hereby charged and encumbered with one-fourth part of such indebtedness, which is to be paid off and satisfied before said children, or any of them, is to take benefit from this indenture." J. F. executed a mortgage to A. W. and S., the children of E., and remainderman under said deed, conveying his life estate in said lands, and also other property not before disposed of by him, to secure the payment of the debt. E. died, leaving her surviving, A., S. and W., remainderman, and tenants in common with M.; J. F. died, leaving the mortgage debt unpaid; and his, J. F's property, undisposed of by him, is not sufficient to pay off said debt. M. brought an action against A., W. and S., for a partition of said land: Upon the foregoing facts, *it was held*, that the terms of the deed did not constitute a condition precedent, but a charge and incumbrance upon the land, into whosoever's hands the same may come:

*Held further*, that the fact that M. was seized of an estate for life only, and A., W. and S. were seized in fee simple, was no bar to an action for partition; and that the pendency of an action for the foreclosure of the mortgage was no defence to the action for partition.

PETITION for PARTITION, tried before SCHENCK, J., at Spring Term, 1876, of the Superior Court of RICHMOND.

The facts necessary to an understanding of the case are stated in the opinion of the Court.

There was judgment for the plaintiff, and the defendants appealed.

*Busbee & Busbee*, for appellants.
*W. McL. McKay*, contra.

BYNUM, J.   In the year 1855, John Fairly being the owner of a large estate in lands and personal property, executed a deed of gift of lands and negroes, to each one of his four children.   Among them he made a deed of gift of the three tracts of land, the partition of which is sought in this action, to his two daughters, Margaret and Effey, for life, to hold as tenants in common, and at their death to such children as they might have living at their death, in fee; subject, however, to two encumberances.   He first reserves a life estate to himself in the lands conveyed; and the second encumberance is in the following words:   "And if there shall be any indebtedness existing against the estate of the said John Fairly, at the time of his death, which the property belonging to his estate and not disposed of by him in his life time, shall not be sufficient to pay off and satisfy, he directs that the same shall be paid in equal parts by his four children, Robert, Effey, Margaret and Henry; and the property both real and personal, hereby given, &c., to them and each of them or for their benefit, severally, is hereby charged and encumbered with one-fourth part of said indebtedness; which is to be paid off and satisfied before said children or any of them is to take benefit from this indenture."

Long subsequent to this deed of gift, to-wit: in 1868, John Fairly, being indebted in the sum of $6,300 to Angus, William and Sally Gilchrist, children of his daughter Effey, and the remaindermen in said deed of gift, conveyed to them in mortgage to secure the payment of said debt, a large amount of other property, not before disposed of, and also his own life estate in the lands and slaves conveyed to the plaintiff and the defendants, by the deed of 1855.

Effey Gilchrist is dead and the defendants, Angus, William and Sally, are her children, remaindermen in the deed of gift, and tenants in common with the plaintiff, Margaret. John Fairly died in 1872, leaving the mortgage debt out-

standing, and a charge upon the estates conveyed to his four children in the deed of gift.

It is admitted that the property which was undisposed of by John Fairly, at his death, and that named in the mortgage, is insufficient to discharge the whole of the mortgage debt. After the application of this property to the debt, what amount of it will remain unpaid is not known and is a matter of conjecture only.

The prayer of the complaint is for a partition of the three tracts of land, between the plaintiff and the defendants, the remaindermen, and also for an account by them of the rents and profits from the time they took exclusive possession.

The defendants deny the plaintiff's right to partition upon two grounds; first, because by the terms of the deed of gift, no estate vests in the plaintiff until a performance by her of the conditions of the deed, to-wit: until she pays off and discharges one-fourth of the debt of $6,300, which John Fairly owed at his death, and which is made a charge upon this land.

We do not think this is the proper construction of the deed. The terms of the deed do not constitute a condition precedent, but a charge and encumberance upon the land, saddled upon it, in whosoever's hands it may come. The language of the deed admits of no other construction; the land "is hereby charged and incumbered with one-fourth part of said indebtedness." No advantage to the creditor or to the remaindermen can result from an opposite construction. If no estate has vested in the plaintiff, none has in the defendants, and in any view the debt is a charge upon the lands.

The second ground of defence is, that in law no partition lies between a tenant for life and tenants in fee.

Originally, partition could be made only between parceners, but afterwards, by statute, (31 Hen. VIII,) the writ was extended to joint tenants and tenants in common. Litt.,

sec. 241–3; 1 Inst., 164. As partition, at first, only lay be-
tween parceners, who were seized of an estate of inheritance,
it was afterwards contended that under the stat. 31, Hen. VIII,
partition could be had only between tenants in fee or in tail.
But it was held at a very early day that partition may be
brought by a tenant in fee of one moiety against tenant for
life of the other moity, under the statute of Henry VIII. 2
Lester, 1015. And such is the received doctrine at this day.
*Hobson* v. *Sherwood,* 4 Bear, 184, was where the plaintiff was
tenant for life and the four defendants were each entitled to
one-fifth of the estate as tenants in common in tail, and
were together entitled to the remaining one-fifth, subject to
the plaintiffs interest therein. The Master of the Rolls,
Lord LANGDALE, said: "The plaintiff alone, who is tenant
for life determinable on his second marriage, desires a par-
tition; all the other parties desire to keep the estate together.
If, however, the plaintiff is entitled to the relief he asks, he
must have it, however inconvenient it may be to the other
owners." No question was made but that the plaintiff was
entitled to partition, but the doubt was whether all the
shares were to be divided, when all the defendants desired
their shares to the kept together. It was finally determined
that one-fifth alone should be partitioned off.

In this country parties having limited interests as, for
example, tenants for life or years, may have a partition in
equity, as well as at law, in respect of their own interests
only. But if a complete partition be desired, all parties in-
terested may be brought before the Court, and all estates,
whether in possession or expectancy, including those of in-
fants and of persons not *in esse* may be bound by the decree.
Adam's Eq., 230–2; *Jackson* v. *Edwards,* 7 Paige, 386, 405;
*Horne* v. *Falloner,* 4 Dessau, 86.

The action for the foreclosure of the mortgage, now pend-
ing in the Court below, is no defence against this suit for
actual partition of the lands between the tenants in com-

mon. The encumbrance will remain upon the parts in severalty as it was before division, and the remedy for the non-payment of the debt will be the same to the defendants.

The plaintiff is entitled to have her life estate allotted in severalty ; and as the defendants do not deny in their answer that they are in the exclusive possession of the land, they are liable for occupation rent. The plaintiff is, therefore, entitled to an account of rents and profits.

There is no error.

Per Curiam.                          Judgment affirmed.