W. H. PULLY and J. A. LONG v. JOHN C. PASS.

(Decided November 9, 1898.)

*Contribution—Set-off.*

1. Where one of two makers of a note pays it he has the right of contribution from the other.

2. If the maker who has paid the note transfers it to a third person who is indebted to the other maker and who brings suit upon the indebtedness, the note is a good set-off in that suit to the extent of one-half its value, provided the transfer was made before suit brought.

CIVIL ACTION upon a money demand tried before *Adams, J.*, at Fall Term, 1897, of the Superior Court of PERSON County.

The defendant pleaded set-off, which was excluded by the Court. Defendant excepted and appealed from the judgment rendered. The nature of the set-off appears in the opinion.

*Mr. W. D. Merritt,* for defendant (appellant).
*Messrs. Boone & Bryant,* for plaintiff.

DOUGLAS, J.: This is an action brought to recover the balance found due upon a settlement in March, 1896, between the plaintiff Pully and the defendant, and subsequently assigned by the plaintiff Pully to his co-plaintiff Long.

The following is taken from the statement of the case:

"The defendant set up several counter-claims, among others a certain bond in words and figures, to-wit: $220 . . One day after date, with 8 per cent interest from date until paid, we promise to pay J. S. Merritt, the sum of two hundred and twenty dollars for value received. Witness our hands and seals this the 27th day of May, 1892: C. B. Brooks, (Seal). W. H. Pully, (Seal).

It is admitted that Pass came to the possession of said bond for value on the 16th day of December, 1896. C. B. Brooks then testified as follows: The bond set up as counter-claim in this action was executed by myself and Pully to Mr. Merritt for $220. I paid the bond and took it up. Merritt testified to the same as Brooks. Brooks further said he was owing Pass and transferred the bond to him about the 16th of December, 1896, for the sum of $150, same being the amount due by Pully on said note including interest from May 27, 1892, at 8 per cent. up to date of transfer. After this evidence the defendant's counsel again offered to introduce said bond in evidence. Plaintiff objected; objection sustained and defendant excepted. His Honor submitted the issues of the jury after charging them on all matters of law, to which there was no exception. The jury returned a verdict for plaintiff J. A. Long, finding the defendant indebted to him in the sum of $482.34."

The only question before us is the admissibility of the bond, which we infer from the argument of counsel was excluded purely on the ground that, having been paid by one of the makers, it was thereby extinguished. The exact relation that Brooks and Pully bore to each other does not appear; but it is not denied that as between them Pully was primarily liable for the amount claimed by the defendant to be due on the bond. We do not

think that the payment of the bond in full by Brooks defeated his right of recovery or contribution, as the case might be, from his co obligor. Admitting that the original debt was extinguished by the payment by Brooks, that very payment at once vested in him a right of action against Pully to the extent of Pully's primary liability, and this right or debt Brooks could assign to Pass, as he appears to have done. *York* v. *Landis,* 65 N. C., 535. This assignment to Pass, having taken place before the bringing of this action, gave him a valid set-off, as the assignment to Long of the balance due on an open account possesses none of the qualities of commercial paper.

We are therefore of opinion that the defendant was entitled to maintain his set-off, and for that purpose to introduce the bond as evidence of the payment of the original debt.

For the exclusion of such evidence a new trial must be ordered.

New trial.