C. A. ROBINSON, J. L. ROBINSON *et al.* v. THOMAS C. INGRAM *et al.*

(Decided April 10, 1900.)

*Deed of Trust for Support and Maintenance of Parents—Description—Admitted Fact—Duty of Trustee—Right of Cestui Que Trust—Invalid Sale—Breach of Covenant—Court of Equity—Mortgage—Execution Sale.*

1. An instrument of writing under seal, proved and recorded, executed by a father, in 1865, to two of his sons, conveying personal and real property, to be managed by them, for the support of himself and wife during life, and at death to be divided among all the children; also providing for the support of an imbecile child, and the education of another child, is a deed in trust, and not a will,

2. The deed in trust is a valid deed, as no unlawful purpose appears on its face, or is suggested. A clause in the deed that if said grantees should violate any of the trust embraced therein, then the said conveyance to be utterly null and void, and the property revert to the grantor and his heirs, is a covenant, not self-executing, and not enforceable after the death of grantor, at the instance of third parties, claiming adverse to the trust.

3. The title to the property passed absolutely by the deed and was vested in the trustees for the purposes of the trust. A mortgage made by trustees is invalid; so also, a levy, execution sale and sheriff's deed upon judgment against the grantor in 1883. The title remained in the trustees, for the purposes of the trust, until the death of the grantor in 1894.

4. The description of the land, definite in itself, and admitted in the answer, is sufficient. An admitted fact needs no proof.

CIVIL ACTION for the recovery of land, tried before *Robinson, J.,* at October Term, 1899, of the Superior Court of MONTGOMERY County.

The land had belonged to W. H. Robinson under whom both parties claimed at his death in 1894.

The plaintiff claimed as heir-at-law of W. H. Robinson, also under a deed of trust executed by him in 1865 to two of

his sons, William F. and James L. Robinson, as trustee for
the support and maintenance of himself and wife, also of an
imbecile son, and for the maintenance and education of a
younger son, the land at death of himself and wife to be
equally divided among all the children. The defendants
claimed under a judgment against the grantor, followed by
execution sale and sheriff's deed in 1883. The defendants
further claimed that in 1882, the surviving trustee and some
of the other heirs had mortgaged the land to secure a debt
due W. K. Beacham & Co.; also that the trustees had failed
to properly support the grantor, and they allege that these two
circumstances avoided the deed of trust, put the title back in
the grantor, and subjected his land to the execution and
sheriff's deed, under which they claimed. The deed of trust
contained this clause: That if the trustees should violate any
of the trust embraced in the foregoing conveyance, "then the
said conveyance to be utterly null and void, and the property
revert to the grantor and his heirs."

They also contended that the land was insufficiently
described in the complaint.

His Honor submitted two issues to the jury—one as to the
support of the grantor and his wife during their lives, which
was answered,"Yes;" the other as to the mortgage to Beacham
& Co., prior to 21st February, 1883, date of sheriff's deed to
defendant Ingram; this also was answered, "Yes."

Judgment was rendered in favor of defendant, and plain-
tiffs excepted and appealed.

*Mr. W. C. Douglass,* for appellants.
*Messrs. Adams & Jerome,* and *Bennett & Bennett,* for
appellees.

FAIRCLOTH, C. J.    On December 12, 1865, W. H. Robin-
son conveyed his real and personal property by deed, including

a 600-acre tract of land, to W. F. and J. L. Robinson, his sons, in trust, as follows: That the trustees should take and manage the property, and out of the proceeds support and maintain the grantor and his wife during their lives, and after their death divide the property equally among the grantor's children, and shall support and maintain Z. T. Robinson, (he being incapable of managing for himself), shall educate their brother, O. C. Robinson, and act as his guardian, until he is of lawful age. It was then covenanted that if said grantees should "violate" any of the trust embraced in the foregoing conveyance, "then the said conveyance to be utterly null and void," and the property revert to the grantor and his heirs.

W. H. Robinson, surviving his wife, died in 1894. On the 27th of February, 1882, Lawson (meaning, as we understand it, J. L. Robinson) Robinson, Elizabeth Robinson, Z. T. Robinson and O. C. Robinson, some of the children of said grantor, conveyed in a mortgage deed to secure $400 to W. K. Beacham & Co. the same tract of land as that in said trust deed. On the 24th of February, 1882, the sheriff of Montgomery County, under executions against said W. H. Robinson, levied on said tract of land and sold all his right, title and interest, when defendant Ingram became the purchaser, and received the sheriff's deed, bearing date February 21, 1883. The defendants claim title through the above-recited deeds, as well as deeds from others of said children. There are several other mesne conveyances among different parties.

Plaintiffs are some of the heirs-at-law of said W. H. Robinson. No issue as to title was submitted on the trial, although tendered by the plaintiffs. Only two issues were submitted, (1) whether the trustees, up to 1884, did support and maintain W. H. Robinson and wife, as provided in said trust deed; (2) did said W. F. and J. L. Robinson, or the survivor,

prior to February 21, 1883, sell or mortgage any of the property mentioned in W. H. Robinson's deed to them? Each issue was answered, "Yes."

From the above it appears that some of the children of W. H. Robinson are not parties to this action, either as plaintiffs or defendants. It is insisted that some of the children's deeds were without consideration—that Z. T. Robinson was mentally incapacitated to make a valid deed, etc. None of these questions were tried, according to the record before us. There is no allegation by either party, nor is there any proof, nor does his deed profess in any part of it, that Lawson Robinson in his deed to W. K. Beachum & Co., undertook or intended to make sale or mortgage *as trustee,* and it is insisted that he only mortgaged his *individual* interest with the other children who signed the same deed. It is manifest that a new trial must be directed, when proper parties may be made and the rights of all inquired into and determined. Until then, this Court can render but little service in the action.

Such as we can safely consider in the present condition of the record, we will now dispose of. We think the written instrument dated December 12, 1865, is a deed, and not a will. There is a grantor, grantees, and a thing granted. It is valid, as no unlawful purpose appears on its face, and there is no suggestion that it was made with an unlawful intent. In the argument here it was claimed that the description of the land was insufficient, and that the deed was void on that account. The deed describes it as "the tract of land where the said W. H. Robinson now lives, containing 600 acres * * * situate in Montgomery County, on the waters of Pee Dee River." Counsel argued that if that could be aided by parol proof, no such proof was offered. The first allegation in the complaint is that said tract is specifically described by metes and bounds in a certain deed, registered in

the office in said county, in book 18, page 362, to which reference is made. That allegation as to the description, is admitted to be true by the answer. When a fact is admitted it needs no proof to establish it. If it be assumed that Lawson (J. L.) Robinson executed his deed to W. K. Beachum & Co., *as trustee* (although it does not so appear), we think he was without authority to do so. When a trust is accepted, the trustees must execute it. He is not permitted to deprive himself of the means and power of doing so by conveying the legal estate to another. We think also that no title or interest in the land passed to T. C. Ingram by the levy and sale made by the sheriff. At the time W. H. Robinson had no interest subject to sale under an execution. He had only the right to be supported and maintained out of the profits of the property during his life, which he has received.

The proposition that any violation of the trust embraced in the deed would nullify and avoid the conveyance, and that the property would revert to the grantor and his heirs, is not sound. It assumes that clause to be self-executing. The learning as to conditions, exceptions and reservations is altogether inapplicable. The title passed absolutely by the deed, and that clause is only a covenant, agreement by the parties, that if the grantees should "violate" any of the trusts declared, then the property *ipso facto* should revert to the grantor, without any entry or other form of transmitting title to real estate. It would seem not to have been so considered by the grantor, inasmuch as he lived ten years or more after the breach now complained of, receiving the support provided in the deed, and without any assertion of right claimed for the alleged violation of duty on the part of the grantees. The courts in such cases will look to the good sense and sound equity, to the object and spirit of the contract. Courts of equity will not *aid* in divesting an estate for a breach of a covenant, a contract,

ROBINSON *v.* INGRAM.

when a just compensation can be made in money or other valuable thing, but will relieve against forfeitures claimed by strict construction of any common law rule. It therefore follows, as we have already said, that no interest in the land passed by the sale and deed of Sheriff Rush.

If we correctly understand the record, the children of W. H. Robinson are claiming title, and the right to possess, under and through the deed of their father. This opinion will be certified to the end that the parties may proceed as they think proper.

Error.