N. B. MARRINER, GUARDIAN OF H. W. MIZZELLE, A LUNATIC, v. H. W. MIZZELLE, A LUNATIC, APPEARING BY HIS GUARDIAN AD LITEM, W. D. PRUDEN, AND OTHERS.

(Filed 20 September, 1933.)

Parties B b: Guardian and Ward H a—Surety on guardian's bond held proper party and motion for its joinder was addressed to court's discretion.

The guardian of a lunatic brought action to have certain funds lost on account of the insolvency of his bank of deposit declared a credit to the lunatic's estate, alleging that the loss of the funds was not occasioned by negligence. Defendants answered denying this allegation, and moved that the surety on the guardian's bond be made a party. Held, the answer failed to allege a breach of the bond and the surety was a proper party at most, and the motion for its joinder was addressed to the discretion of the court, and the court's action in refusing the motion is not reviewable.

APPEAL by W. D. Pruden, guardian ad litem and others, from Small, J., at Chambers, in Elizabeth City, N. C., on 18 February, 1933. From CHOWAN. Dismissed.

This proceeding was begun by petition filed by the plaintiff with the clerk of the Superior Court of Chowan County, and was transferred by said clerk to the civil issue docket of said court for the trial of issues raised by the pleadings.

On the facts alleged in his petition, the plaintiff prayed for an order allowing him as guardian credit for certain sums of money which he had deposited as guardian in certain banks, and which had been lost by

reason of the subsequent insolvency of said banks. He alleged that said loss was not due to any negligence on his part. This allegation was denied by the defendants, who were made parties to the proceeding on motion of the plaintiff.

The proceeding was heard on the motion of the defendants that the surety on the guardian bond of the plaintiff be made a party to the proceeding. The motion was denied. The defendants excepted and appealed to the Supreme Court.

*Ward & Grimes for plaintiff.*
*W. D. Pruden and J. A. Pritchett for defendants.*

PER CURIAM. It does not appear from the pleadings in this proceeding that the surety on the bond filed by plaintiff as guardian is a necessary party to this proceeding. It is not alleged in the answer filed by the defendants that there has been a breach of the bond. At most the surety is only a proper party. The motion of the defendants that the surety be made a party was addressed to the discretion of the court. McIntosh N. C. Practice & Procedure, page 185. For this reason, the refusal of the court to allow the motion is not reviewable by this Court. The appeal by the defendants is

Dismissed.