### DORIS WADE JACKSON v. HANNIBAL BAGGETT.

(Filed 15 April, 1953.)

**1. Insurance § 51: Parties § 10a—**

Where insurer has paid all but $50.00 of the damage sustained by plaintiff's car in the collision in suit, insurer is a proper party in plaintiff's action against the tort-feasor, and may be joined as an additional party plaintiff or defendant, at the instance of the original defendant or the insured, in the discretion of the lower court, but the refusal as a matter of law of defendant's motion that insurer be joined as an additional party defendant is erroneous.

**2. Insurance § 51: Pleadings § 31—**

If the insurer is not a party to an action to recover for damages to the insured vehicle, all reference to insurance should be stricken from the pleadings upon motion aptly made.

APPEAL by defendant from *Burney, J.,* September Civil Term 1952. SAMPSON.

Civil action to recover damages for injury to an automobile caused by the alleged actionable negligence of the defendant.

The plaintiff filed a complaint in which she alleged that her husband was operating her car upon a public highway, and while attempting to overtake and pass the defendant's car, the defendant negligently and heedlessly and without giving any signal turned his automobile to the left causing a collision with plaintiff's car, and that such negligence was the proximate cause of damage to plaintiff's car in the amount of $1,650.00.

The defendant filed an answer denying any negligence on his part, and further alleging that even if he were guilty of negligence, then the driver of plaintiff's car was guilty of contributory negligence.

The defendant further alleged in his answer upon information and belief that the plaintiff had her automobile insured against damage by collision with the Twin States Insurance Co., an insurance company licensed and doing business in North Carolina; that this insurance company has paid the plaintiff for the loss she sustained, and has been subrogated to the rights, if any, of the plaintiff against the defendant; that the insurance company is a necessary and proper party to this action, and that an order should be entered making said insurance company a party defendant, and so prays.

Whereupon the plaintiff made a motion that all references in the answer to the insurance company be stricken out as prejudicial to the plaintiff. One of plaintiff's counsel, Charles A. Poe, made an affidavit in support of plaintiff's motion to strike, which in substance states that he is counsel for the plaintiff and the Twin States Insurance Co.; that the

plaintiff carried $50.00 deductible collision insurance on her automobile with the said insurance company, and that the insurance company has paid all her damage except $50.00, and she has paid the $50.00; that any recovery in this suit will be distributed by affiant to plaintiff and the insurance company according to their interests.

The court signed an order stating that the court found as a fact that the plaintiff's car was insured against damage by the said insurance company; that the policy had a $50.00 deductible provision; that the insurance company has paid all her loss except $50.00. The order further stated that the insurance company is a proper party, being united in interest as subrogee to a $1,600.00 interest; that the joinder of the insurance company would not prejudice the plaintiff and such joinder should be made; but that the court was of opinion that the case of *Powell v. Wake Water Co.,* 171 N.C. 290, 88 S.E. 426, is controlling, and granted the plaintiff's motion as a matter of law to strike from the defendant's answer all reference to the said insurance company.

From the order so signed the defendant appealed, assigning error.

*Harris, Poe & Cheshire for plaintiff, appellee.*
*Howard H. Hubbard and Charles F. Lambeth, Jr., for the defendant, appellant.*

PARKER, J.  The question presented on this appeal has been answered in the recent case of *Burgess v. Trevathan,* 236 N.C. 157, 72 S.E. 2d 231; the opinion in which was filed 17 September 1952. In fairness to the able and learned trial judge it should be stated that the opinion in *Burgess v. Trevathan* was filed the same day the order in this case was signed, and neither he nor counsel had any opportunity to see it before the order was signed.

In *Burgess v. Trevathan, supra, Justice Ervin* speaking for the Court says: "Since an insurance company which pays the insured for a part of the loss is entitled to share to the extent of its payment in the proceeds of the judgment in the action brought by the insured against the tort-feasor to recover the total amount of the loss, it has a direct and appreciable interest in the subject matter of the action, and by reason thereof is a proper party to the action. *Assurance Society v. Basnight,* 234 N.C. 347, 67 S.E. 2d 390; 67 C.J.S., Parties, section 1. This being so, the insurance company in such case may be brought into the action by the court in the exercise of its discretionary power to make new parties at the instance of the insured or the tort-feasor either in the capacity of an additional plaintiff who has an interest in the subject of the action and in obtaining the relief demanded in it, or in the capacity of an additional defendant whose presence is necessary to a complete determination of the

rights of all persons who may have an interest in the result of the litigation. G.S. 1-73, 1-163; *Insurance Co. v. Motor Lines, Inc., supra* (225 N.C. 588); *Lake Erie & W. R. Co. v. Falk,* 62 Ohio St. 297, 56 N.E. 1020; *Barnhill v. Brown,* 58 Ohio App. 188, 16 N.E. 2d 478. Undoubtedly the more effective procedure in such situation is for the party desiring to bring the insurance company into the action to move that it be made an additional party defendant and required to answer, setting up its claim arising through subrogation. *Schaller v. Chapman* (Ohio App.), 66 N.E. 2d 266."

See an interesting note on *Burgess v. Trevalhan, supra,* in 31 N.C.L. Rev. pp. 224 *et seq.* (1953).

The Twin States Insurance Company, according to the finding of fact by the trial judge, has paid the plaintiff for her loss except $50.00, and is entitled to share to the extent of its payment in the proceeds of the judgment in this action brought by the plaintiff to recover the total amount of her loss, if there is such a recovery. The insurance company, therefore, is a proper party to the action. When this case is returned to the Superior Court, the Twin States Insurance Company may be brought into this action by the Court in *the exercise of its discretionary power to make new parties* at the instance of the defendant (or the insured) either in the capacity of an additional plaintiff or in the capacity of an additional defendant. If the court in its discretion fails to make the Twin States Insurance Company a party, then it should strike out of the defendant's answer all reference to the insurance company.

The defendant's exception and assignment of error to the order signed by his Honor allowing as a matter of law the plaintiff's motion to strike from the defendant's answer all reference to the Twin States Insurance Company must be upheld, and the order is

Reversed.