LEVY L. OVERTON v. R. O. TARKINGTON AND WIFE, MARY MARSH TARKINGTON, (ORIGINAL DEFENDANTS) AND STARLITE THEATRES, INC. (ADDITIONAL DEFENDANT)

(Filed 14 January, 1959.)

1. Assignment § 4—

An assignee of a chose in action may maintain an action thereon in

OVERTON *v.* TARKINGTON.

his own name, G.S. 1-57, but the defendant is entitled to set up against him any offset or other defense existing at the time of the assignment.

**2. Usury § 8—**

The penalty for usury may be asserted affirmatively in an action to recover twice the amount of usurious interest paid, and defensively, in an action on the indebtedness, to have the debt reduced by twice the amount of interest paid, and also for forfeiture of the entire interest charged.

**3. Assignment § 4—**

In an action by the assignee of a chose in action, the defendant is entitled to set up as an offset for the reduction of the debt the penalty of twice the amount of interest paid to the assignor and the reduction of the debt by the forfeiture of the entire interest, and the striking of the allegations of the answer setting up such defense on the ground that the penalty for usurious interest collected by the assignor could not be asserted against the assignee, is error.

**4. Parties § 1—**

When a complete determination of the controversy cannot be made without the presence of other parties, they are necessary parties and must be joined. G.S. 1-73.

**5. Same—**

The only statutory exception giving a party a legal right to the joinder of another party who is not necessary to the determination of the controversy is the right to bring in a party for contribution as a joint obligor under G.S. 1-240.

**6. Parties § 2—**

The joinder of a proper but not a necessary party is addressed to the discretion of the trial court in the absence of statutory provision to the contrary.

**7. Same—**

In an action by the assignee on a debt in which defendant sets up as an offset the penalty for usury, whether the assignor should be joined for the purpose of permitting defendant to seek to recover from him double the amount of usurious interest paid to the assignor rests in the discretion of the court, the assignor being a proper but not a necessary party to the determination of the assignee's cause of action.

**8. Same:    Parties § 10—**

Where an additional party is joined on motion of defendant, without notice to plaintiff or such additional party, on the ground that such additional party is a necessary party, plaintiff and such additional party are entitled to a hearing on that question, and where the holding of the court that the additional party was not a necessary party is legally correct, the discretionary refusal of the court to join such additional party as a proper party is not reviewable.

PARKER, J., not sitting.

*Certiorari* to review an order of *Morris, J.*, entered May 12, 1958 Term, of BERTIE.

This action was instituted in May 1957. The complaint alleges defendants Tarkington, on 3 April 1956, contracted to pay to Starlite Theatres, Inc. (hereinafter designated as Starlite) $14,943 in weekly installments of $45, beginning 9 April 1956; to secure payment, debtors executed a mortgage on described chattels; plaintiff, on 20 February 1957, purchased the contract to pay and is a holder for value; defendants defaulted in their payments on 20 February 1957, at which time there was a balance owing of $14,583; plaintiff, in accord with the contract provisions, declared the entire debt due. Plaintiff seeks judgment for the debt with interest from the date of default and possession of the chattels as provided in the mortgage.

Defendants admit execution of the chattel mortgage and contract to pay as alleged in the complaint and default in payment of the installment due 20 February 1957; they deny plaintiff is a purchaser for value. As a defense and as a basis for affirmative relief they allege they purchased in 1953 a building and the described chattels from Starlite for $39,000; execution of two notes for the purchase price payable in weekly installments, one secured by mortgage on the real estate, the other by mortgage on the chattels; the notes so executed included usurious interest; payments on these notes, including payments of usurious interest; their failure to make all payments provided for in the original notes; a refinancing of their debt to Starlite for the amount claimed by it to be owing; the execution of new contracts to pay, including the instrument sued on, which included usurious charges; and payments thereon to 20 February 1957, which payments were in part for usurious interest. They allege the usury charged by Starlite included in the contract sued on amounts to $8,610.22, and in addition usury paid to Starlite aggregating $6,395.78. Based on these allegations they asserted they were entitled to have deducted from the asserted debt the usurious charge of $8,610.22 and were entitled to a penalty of twice the usurious interest paid which should be applied first to pay the debt sued for and the balance of said penalty adjudged an obligation owing them by Starlite and plaintiff.

Based on the answer asserting the right to affirmative relief, Starlite was, on motion of defendants and without notice to plaintiff, made an additional defendant. Summons and copy of the answer were served on Starlite. Thereafter the answer was amended so as to assert the right to use the alleged usury defensively as to plaintiff and affirmatively against Starlite to the extent not needed to discharge their obligation to plaintiff.

Plaintiff and Starlite each moved to strike from the answer all alle-

gations of payment of usurious interest and to vacate the order making Starlite a party. Each also demurred for misjoinder of parties and causes of action. The court vacated the order making Starlite a party and dismissed the action as to it. It allowed plaintiff's motion to strike all of the allegations with respect to payment of usurious interest to Starlite.

Defendants Tarkington excepted to the order and applied for *certiorari* which was allowed.

*Rom B. Parker and J. C. Taylor for plaintiff, appellee.*
*Daniel R. Dixon for original defendants, appellants.*
*George C. Hampton, Jr., for additional defendant, appellee.*

RODMAN, J.  It is not asserted the contract sued on is a negotiable instrument. Plaintiff seeks to recover as an assignee of a chose in action. The rights of the parties are to be determined on that assertion.

Plaintiff, as an assignee, is by statute, G.S. 1-57, given the right to maintain the action in his name but that right is circumscribed by the express provision that it shall be without prejudice to any offset or other defense existing at the time of the assignment.

Plaintiff does not challenge the right of defendants to assert a usurious charge included in the instrument sued on with the right to have the evidence of the debt reduced to the extent of such charge. *Mortgage Co. v. Zion Church*, 219 N.C. 395, 14 S.E. 2d 37; *Faison v. Grandy*, 126 N.C. 827; *Ward v. Sugg*, 113 N.C. 489. Plaintiff denies defendants have a right to assert defensively or affirmatively the penalty for usurious interest collected by his assignor.

Defendants, in the answer as originally filed, asserted a liability imposed on the assignee for usurious payments made to the assignor; but by amendment to the answer they no longer claim such payments as a sword which they can use to attack the plaintiff. So far as plaintiff is concerned they now merely claim the right to use it as a buckler to shield and protect them from the attack made by plaintiff. The order striking the allegations deprived defendants of this asserted right. By the express language of the statute if the allegations could be asserted as a defense in an action by the assignor, they can be used for that purpose in this action.

Our statute, G.S. 24-2, provides: "And in case a greater rate of interest has been paid, the person or his legal representatives or corporation by whom it has been paid, may recover back twice the amount of interest paid in an action in the nature of an action for debt."

Plaintiff's position is that the statute provides a penalty and for

that reason must be strictly construed. When so construed, the words "may recover back" provide a weapon which a debtor who has paid usurious interest may use for attack, as illustrated by *Sloan v. Insurance Co.*, 189 N.C. 690, 128 S.E. 2; but its use is limited to that purpose—it may not be used defensively. Our decisions are to the contrary. *Stacy, C. J.*, said in *Waters v. Garris*, 188 N.C. 305, 124 S.E. 334: "From an examination of the above section it will be seen that two remedies are provided for the enforcement of the penalties authorized by the statute:

"First. Where a greater rate of interest than six per centum per annum has been paid, the person or his legal representatives or the corporation by whom it has been paid, may recover back twice the amount of interest paid, in an action at law in the nature of an action for debt. *Bank v. Wysong & Miles Co.*, 177 N.C. 380.

"Second. In any action brought by the creditor to recover upon any usurious note or other evidence of debt affected with usury, it is lawful for the party against whom the action is brought to plead as a counterclaim or set off, the penalties provided by the statute, to wit, twice the amount of interest paid, and also the forfeiture of the entire interest charged."

Authoritative interpretation given to the Federal statute, 12 U.S. C.A. 86, accords with plaintiff's construction of our statute. *McCollum v. Hamilton Nat. Bank*, 303 U.S. 245, 82 L. Ed. 819, 58 S. Ct. 570. This difference in interpretation is noted in the well considered opinion of *Bobbitt, J.*, in *Credit Corporation v. Motors*, 243 N.C. 326, 90 S.E. 2d 886. The Court there reaffirmed the right to plead usurious interest paid as a defense. No sound reason is advanced for reversing the conclusion heretofore reached.

It follows that since defendants had a right to plead the usurious payments as a setoff or defense to any action brought by the original creditor, he could not evade the express language of the statute by assigning his debt to a third person. There was error in striking the allegations of the usurious payments made to Starlite. *Amusement Co. v. Tarkington*, 247 N.C. 444, 101 S.E. 2d 398; *Iselin Co. v. Saunders*, 231 N.C. 642, 58 S.E. 2d 614; *Trust Co. v. Williams*, 201 N.C. 464, 160 S.E. 484; *Pully v. Pass*, 123 N.C. 168.

Our statute, G.S. 1-73, makes it mandatory "when a complete determination of the controversy cannot be made without the presence of other parties" for these others to be made parties to the action. They are necessary parties. *Garrett v. Rose*, 236 N.C. 299, 72 S.E. 2d 843.

In a single instance our statute gives a party the right to bring

in others not necessary parties, i.e., the right to bring in joint obligors for contribution. G.S. 1-240.

When not regulated by statute the procedural processes which will best promote the administration of justice are left to the judicial discretion of the trial judge. He has plenary power with respect to those who ought to be made parties to facilitate the administration of justice. *Childers v. Powell*, 243 N.C. 711, 92 S.E. 2d 65; *Jackson v. Baggett*, 237 N.C. 554, 75 S.E. 2d 532; *Marriner v. Mizzelle*, 205 N.C. 204, 170 S.E. 650; *Horne v. Horne*, 205 N.C. 309, 171 S.E. 91.

The order making Starlite a party defendant so that the original defendants might have affirmative relief aganst Starlite was entered without notice to plaintiff or Starlite. It recites that Starlite is a necessary party. Starlite and plaintiff were entitled to be heard on the question of defendants' right to make Starlite a party. On the hearing on that question Judge Morris held that Starlite was not a necessary party. That holding is supported by carefully considered prior decisions. *Gaither Corp. v. Skinner*, 238 N.C. 254, 77 S.E. 2d 659; *Board of Education v. Deitrick*, 221 N.C. 38, 18 S.E. 2d 704; *Clark v. Freight Carriers*, 247 N.C. 705, 102 S.E. 2d 252; *Hannah v. House*, 247 N.C. 573, 101 2d 357; *Kimsey v. Reaves*, 242 N.C. 721, S.E. 89 S.E. 2d 386.

Apparently Judge Morris recognized Starlite as a proper party on account of the implied warranty arising from the assignment. *Bird v. Ross*, 12 N.C. 472; *Drennan v. Bunn*, 7 Am. St. Rep. 354; *Challis v. McCrum*, 31 Am. Rep. 181; *Carroll v. Nodine*, 69 P 51; 6 C.J.S. 1159. The motion of defendants to make Starlite a party when it was not a necessary party but a proper party called on the presiding judge to exercise his discretion. His order recites he refused in the exercise of his discretion to make Starlite a party. His ruling in that respect is not reviewable. *Horne v. Horne, supra.*

Under the factual situation depicted in *Amusement Co. v. Tarkington, supra,* the additional defendants were not merely proper parties; they were necessary parties. Therein lies the distinction between that case and this case.

The order reviewed will be modified to conform to this opinion, and as so modified is affirmed.

Modified and affirmed.

PARKER, J., not sitting.