FIRST-CITIZENS BANK & TRUST COMPANY, Trustee Under The Will of A. B. CURRIN v. HELLEN D. CURRIN CARR, BARBARA D. CURRIN SMETZER and CONTINGENT HEIRS AT LAW OF A. B. CURRIN, JR., Deceased

No. 21

(Filed 10 November 1971)

1. Trusts § 10— termination of trust — distribution of corpus — fiduciary relationship

When a trust is terminated, it is the duty of the trustee to distribute, with reasonable care and prudence, the corpus of the trust to those entitled to such property by virtue of the trust instrument, and the relation of trustee and *cestui que trust* continues with all its powers and duties until the beneficiaries receive all the property due them by the trust.

2. Trusts § 10— construction of trust — partition of distributed real estate

Where a testamentary trust provided that, upon termination of the trust, the testator's widow should receive a life estate in one-half of the trust corpus and that testator's daughter should receive a fee simple title to the other half of the corpus, and the trust instrument directed the trustee to "distribute" the trust property and to "allot" to the widow in her share at least one-half of the real estate, the testator intended that the trustee make an actual partition in the distribution of the lands remaining at the termination of the trust, notwithstanding the trust also contained a provision giving the trustee the power to "include undivided interests in the property so devised or allotted."

3. Estates § 3; Partition § 1— half interests for life and in fee — partition action by life tenant

The life tenant of a one-half interest in realty may maintain a partition proceeding against the fee simple owner of the other one-half interest in the property.

4. Trusts § 10— distribution of corpus — conveyance by trustee — defeat of trustor's intent

The trustee could not deprive itself of the power to carry out the intent of the testator that an actual partition be made in the distribution of lands remaining in the trust at its termination by executing to one of the beneficiaries a deed purporting to convey in fee simple an undivided interest in the lands.

5. Declaratory Judgment Act § 1— interpretation of trust — justiciable controversy

A bona fide controversy justiciable under the Declaratory Judgment Act was presented by the pleadings and stipulations in a trustee's action seeking an interpretation of a testamentary trust as to the manner of distribution of land constituting the trust corpus to testator's widow and daughter upon termination of the trust. G.S. 1-253 *et seq.*

6. Parties § 3; Rules of Civil Procedure § 20— interpretation of trust — beneficiary — necessary party

In a trustee's action seeking an interpretation of a testamentary trust as to the manner of distribution of lands constituting the trust corpus to testator's widow and daughter upon termination of the trust, the testator's daughter was a necessary and proper party, and the trial court erred in allowing the daughter's motion to dismiss the action as to her pursuant to G.S. 1A-1, Rule 41(b).

7. Estates § 3— vested or contingent remainder — standing of life tenant to seek determination

Testator's widow who had been given a life estate in half the corpus of a testamentary trust upon termination of the trust had no standing to demand that the court determine whether the remainder interest after her life estate is vested or contingent.

Justice HIGGINS did not participate in the consideration or decision of this case.

APPEAL by defendant, Hellen D. Currin Carr, from decision of the North Carolina Court of Appeals, 10 N.C. App. 610.

The trial judge heard this case on stipulated facts which are fully set out in the opinion of the Court of Appeals. We summarize the pertinent facts.

A. B. Currin died testate a resident of Harnett County, leaving surviving him his wife, Hellen D. Currin, and one child, Barbara D. Currin, who is the same person as defendant Barbara D. Currin Smetzer. His will was properly admitted to probate, and the named executor and trustee, First-Citizens Bank & Trust Company, duly qualified in both capacities. The will provided, *inter alia*, that when defendant Smetzer reached the age of 35 years, the trust created by the will would terminate. Both defendants Carr and Smetzer survived the testator, and defendant Smetzer has attained the age of 35 years.

The corpus of the trust at the time it was terminated consisted of four tracts of land in Harnett County, one tract of land in Wake County, and certain personal property comprised of farm machinery and equipment.

Defendant Carr demanded that the trustee allot her life interest in specific parcels of land. The trustee refused and executed a trustee's deed dated 1 November 1968 to defendant Smetzer which recited a conveyance to her of a one-half undivided interest in fee in the five tracts of land. Defendant Smetzer accepted the deed.

Plaintiff Bank executed and tendered to defendant Carr a trustee's deed which recited a conveyance to her of a life estate in a one-half undivided interest in the five tracts of land. The deed further provided that upon the death of defendant Carr the one-half undivided interest would pass to the heirs at law of the testator in fee simple. Defendant Carr refused to accept the tendered deed.

Plaintiff Bank also executed as trustee identical separate bills of sale to defendants Carr and Smetzer which conveyed to them certain farm machinery and equipment. Defendant Smetzer accepted the bill of sale tendered to her.

Plaintiff Bank instituted this action seeking a declaration of rights pursuant to the North Carolina Declaratory Judgment Act, G.S. 1-253, *et seq.,* regarding interpretation of the will of A. B. Currin as to its duties and responsibilities as trustee in the distribution of the corpus of the A. B. Currin trust upon its termination.

Judge Harry Canaday heard the matter on plaintiff's and defendants' motions for summary judgment and upon the stipulated facts. He concluded:

1. That Item VIII B of the Last Will and Testament, which contains the Trust Agreement, does not require the trustee to make an actual partition of the lands held by the trust between the surviving widow and the daughter of the testator. The testamentary trust only requires the trustee to convey an equal share to each beneficiary named in the trust instrument.    EXCEPTION No. 4.

2. That the deed to Barbara D. Currin Smetzer, attached to the Complaint and marked Exhibit "B," and the deed to Hellen B. Currin Carr, attached to the Complaint and marked Exhibit "D," comply with all the terms of the Trust Agreement. The trustee has discharged its duty as to the real estate by the execution and delivery of the deeds to the beneficiaries named in Item VIII of the Trust. EXCEPTION No. 5.

3. That the Bill of Sale for the personal property owned by the trust and purchased from the income of the trust should be distributed to Barbara D. Currin Smetzer and Hellen D. Currin Carr as tenants in common, each

owning a one-half undivided interest; that the Bill of Sale attached to the Complaint, marked Exhibit "C," is a proper instrument for the trustee to distribute the personal property owned by the trust.    EXCEPTION No. 6.

4. That the trustee is entitled to record the deed heretofore tendered to Hellen D. Currin Carr and to forthwith proceed to disburse all of the assets of the trust estate and to file a final account terminating the trust. EXCEPTION No. 7.

He thereupon ordered and decreed that plaintiff record the deed tended to defendant Carr and distribute any remaining assets held in the estate.

On the same date, by separate order, Judge Canaday allowed defendant Smetzer's motion that the action be dismissed as to her with prejudice.

Defendant Carr appealed from both the judgment and the order of dismissal.

The Court of Appeals, in an opinion by Mallard, Chief Judge, concurred in by Parker, Judge, reversed the order allowing the motion to dismiss as to defendant Smetzer, and affirmed the judgment dated 1 August 1970, filed 11 September 1970. Graham, Judge, dissented and defendant Carr appealed pursuant to the provisions of G.S. 7A-30(2).

*Edgar R. Bain for Plaintiff Trustee.*

*Poyner, Geraghty, Hartsfield & Townsend, by Arch E. Lynch, Jr., for Defendant Hellen D. Currin Carr.*

BRANCH, Justice.

The principal question presented by this appeal is whether Trustee must partition the real estate remaining in the corpus of the trust between the beneficiaries.

The will contained the following material provisions pertinent to decision:

ITEM V:

. . . . said Trustee shall have the unrestricted right and full power and authority:

1. (b)  To retain the properties now or hereafter received by it or to dispose of them as and when it shall deem advisable by public or private sale or exchange or otherwise, for cash or upon credit or partly for cash and partly upon credit and upon such terms and conditions as it shall deem proper;

1. (k)  To make improvements upon any lands held in the trust estate, and to make and unite with other persons in making partition of any such lands; . . . .

1. (n)  To divide and allot the trust estate in accordance with the terms of this agreement either in kind or in money or partly in kind and partly in money and to include undivided interests in the property so devised or allotted, and the judgment of the Trustee concerning the relative values of the properties so divided or allotted shall be final and conclusive upon all persons interest in the trust estate.

4. In connection with said trust, it is my hope and desire that said trustee will employ my brother, M. R. Currin and my wife, Hellen D. Currin, if living, to act as supervisors and managers of any and all farming operations which said trustee may elect to conduct and carry on. . . .

ITEM VIII:

Upon the termination of the trust herein created, the trustee shall distribute, pay over and deliver the trust property as follows:

A. To my daughter, Barbara D. Currin, if my wife then be dead, all of said property absolutely and in fee simple.

B. To my daughter, Barbara D. Currin, if she and my wife are both living upon termination of this trust, one-half of said trust estate, absolutely and in fee simple, and the other one-half to my wife to be held and enjoyed by her as life tenant for and during the term of her natural life, but not longer, and upon her death the title to the property in which she has a life estate under the terms hereof shall pass to and vest in my heirs at law, absolutely and in fee simple, according to the North Carolina Statute of Descent and Distribution. It is my wish and desire (but

my trustee shall not consider it mandatory) that my trustee shall, in distributing such trust assets between my wife and daughter, allot to my wife in her share as much of my real estate as my trustee shall deem practical and feasible and in no event shall the trustee allot to my wife less than one-half, in value, of the real estate then held in the trust estate.

D. In settling with any beneficiary hereunder the trustee may make such settlement in kind or in money, or partly in kind and partly in money. The trustee shall have the full power to determine the value of any property delivered to any beneficiary in making settlement of such beneficiary and the value of such property as fixed and determined by the trustee shall be conclusive and binding on all beneficiaries hereunder and shall not be subject to question by any person.

[1] When a trust is terminated, it is the duty of the trustee to distribute, with reasonable care and prudence, the corpus of the trust to those entitled to such property by virtue of the trust instrument. The relation of trustee and *cestui que trust* continues with all of its powers and duties until the beneficiaries receive all the property due them by the trust. *Trust Company v. Taliaferro*, 246 N.C. 121, 97 S.E. 2d 776; Bogert, Trusts and Trustees, § 1010.

[2] Plaintiff trustee contends that defendant Carr has authority under Chapter 46 of the General Statutes to have her life estate allotted in severalty, and that she, rather than the trustee, should initiate partition proceedings. Plaintiff offers no authority to support this contention, and defendant Carr argues that this question remains undetermined in North Carolina. However, our research reveals that this Court decided this question in the case of *McEachern v. Gilchrist*, 75 N.C. 196. There a life tenant sought partition of her one-fifth life interest against tenants in fee. The Court, holding that partition was proper, stated:

"The second ground of defense is that in law no partition lies between a tenant for life and tenants in fee.

. . . .

"In this country parties having limited interests, as for example, tenants for life or years, may have a partition

in equity, as well as at law, in respect of their own interests only. But if a complete partition be desired all parties interested may be brought before the court, and all estates, whether in possession or expectancy, including those of infants and of persons not *in esse,* may be bound by the decree, . . . .

. . . .

The plaintiff is entitled to have her life estate allotted in severalty; . . . . "

In the case of *Trust Company v. Watkins,* 215 N.C. 292, 1 S.E. 2d 853, the Court in a dicta statement quoted from *McEachern* with approval.

Nevertheless, defendant Carr's ability to institute partition proceedings does not decide the question here presented. We must determine if the testator intended that the trustee should make actual partition.

In *Trust Company v. Schneider,* 235 N.C. 446, 70 S.E. 2d 578, it is stated:

"Judicial construction is guided and controlled by well-recognized and established canons of construction, some of which must be invoked here.

"The discovery of the intent of the testator as expressed in his will is the dominant and controlling objective of testamentary construction, for the intent of the testator as so expresed is his will. *Woodard v. Clark,* 234 N.C. 215, 66 S.E. 2d 888; *Trust Co. v. Waddell,* 234 N.C. 454, 67 S.E. 2d 651; *Seawell v. Seawell,* 233 N.C. 735, 65 S.E. 2d 369; *Heyer v. Bulluck,* 210 N.C. 321, 186 S.E. 356.

. . . .

"The intention of the testator need not be declared in express terms. It is sufficient if it can be inferred from particular provisions of the will and from its general scope and import. *Trust Co. v. Miller, supra* (223 N.C. 1, 25 S.E. 2d 177) ; *Efird v. Efird,* 234 N.C. 607 (68 S.E. 2d 279). And greater regard is to be given to the dominant purpose of the testator than to the use of any particular words. *Heyer v. Bulluck, supra; Trust Co. v. Waddell, supra.*"

Item VIII of testator's will provided that upon termination of the trust the trustee shall *"distribute, pay over and deliver the property."* (Emphasis ours.)

Black's Law Dictionary, 562 (4th ed., 1957) defines "distribute" as follows: "To deal or divide out in proportion or in shares."

In the same Item of the will the testator stated: "My trustee shall, in the distributing such trust assets between my wife and daughter, *allot* to my wife in her share as much of my real estate as my trustee shall deem practical. . . . "

In the case of *Fort v. Allen,* 110 N.C. 183, 14 S.E. 685, this Court said: "The use of the word 'allotted' in itself implies a full partition of the land. To allot means 'to set apart a thing to a person as his share, as to allot a fund or land.' Anderson Law Dictionary, 51."

Black's Law Dictionary, 100 (4th ed. 1957) defines "allot" as follows: "To apportion, distribute; to divide property previously held in common among those entitled, assigning to each his ratable portion, to be held in severalty; to set apart specific property, a share of a fund, etc., to a distinct party."

[3] The use of these key words in their common and accepted meaning implies a testamentary intention that there be a partition of the trust lands. In our opinion the entire will evidences a paramount intent to provide for the well-being of testator's wife and child. Equally manifest is the intention that the wife be allotted at least one-half of the real estate remaining at its termination. By the terms of the will the testator recognized the wife's ability to manage and supervise farm operations, and he specifically gave to his corporate trustee the right to partition and to conclusively fix values in making settlement so as to allow it to safely and easily make partition of the lands with or without court action. Thus, we are led to conclude that the testator intended that the trustee make an actual partition in the distribution of the lands remaining in the trust at its termination.

However, plaintiff argues most strenuously that since the will contains a provision giving the trustee the power to "include undivided interests in the property so devised or allotted," that it is not required to make partition.

In 7 Strong's North Carolina Index 2d, Wills, § 28, pp. 598-599, it is stated:

"Apparent conflicts will be reconciled, and irreconcilable repugnancies will be resolved, by giving effect to the general prevailing purpose of the testator, and the last expression of intent will ordinarily prevail over a prior irreconcilable provision. But the provisions must be wholly irreconcilable for this rule to apply. A phrase should not be given a significance which clearly conflicts with the evident intent and purpose of the testator as gathered from the four corners of the instrument, and the courts will adopt that construction which will uphold the will in all its parts if such course is consistent with the established rules of law and the intention of the testator."

The power to include undivided interests in making division of the property was listed among the voluminous general powers granted to the corporate trustee in Item V of the will, and was not included in Item VIII of the will where the trustee received its specific directions for distribution upon termination of the trust. The granting of this single power in the general powers given to the trustee will not supersede the evident intent of the testator gathered from the entire will. *Hubbard v. Wiggins*, 240 N.C. 197, 81 S.E. 2d 630.

Nor do we agree with plaintiff's contention that it is now impossible for it to make an actual partition between the beneficiaries because it has executed a trustee's deed to defendant Smetzer purporting to convey in fee simple the undivided interest in the lands in question.

[4] The deed delivered to defendant Smetzer gave her no more interest in the lands than was given by the will. Even giving effect to the deed, both parties would retain an undivided interest in the same lands. The relationship of trustee and *cestui que trust* still exists, and the trustee may not deprive itself of power to carry out the intent of the testator by executing a deed to defendant Smetzer. *Robinson v. Ingram*, 126 N.C. 327, 35 S.E. 612.

The testator evidenced confidence in his executor and trustee by granting it practically unlimited powers for the purpose of administering his estate and the trust. The granting of such extensive powers further indicated his desire that the

trustee be given such powers as would insure an orderly and efficient administration of testator's estate and the trust created by his will.

In Bogert, Trusts and Trustees, 2d ed., § 1010, it is stated:

> "If a trust is terminated in any way . . . the trustee has power to perform such acts as are necessary to the winding up of the trust and the distribution of the trust property as are expressly given or reasonably implied from the trust instrument; and he has the duty of carrying out this part of the trust administration with reasonable care and prudence. . . . *It would be extremely unreasonable to hold that the settlor intended that on the expiration of the trust the burden of care and distribution should fall on the beneficiaries who were entitled to the property.*" (Emphasis ours.)

The trustee, in the exercise of its fundamental duty to administer the trust according to the intent of the testator, should actually partition the real estate constituting the corpus of the trust at its termination.

The Court of Appeals correctly decided that the trial judge committed error in allowing defendant Smetzer's motion to dismiss the action as to her pursuant to Rule 41(b) of the Rules of Civil Procedure.

[5, 6] The pleadings here and the stipulated facts show a bona fide controversy justiciable under our Declaratory Judgment Act. G.S. 1-253 *et seq., Sternberger v. Tannenbaum,* 273 N.C. 658, 161 S.E. 2d 116. The pleadings and stipulations raise issues of fact and questions of law common to all the parties, and defendant Smetzer's rights must of necessity be affected by a final judgment. She is a proper and necessary party. *Oxendine v. Lewis,* 251 N.C. 702, 111 S.E. 2d 870, *Overton v. Tarkington,* 249 N.C. 340, 106 S.E. 2d 717.

[7] Defendant Carr requests that we determine whether the remainder interest after her life estate is vested or contingent.

The language of the will makes it abundantly clear that testator intended that his wife (defendant Carr) have only a life estate in the lands remaining in the trust at its termination. This intent is not contrary to any rule of law and not at variance with public policy. *Trust Co. v. Bass,* 265 N.C. 218, 143

S.E. 2d 689. Thus, defendant Carr has no standing to demand that we make this determination.

We affirm that part of the Court of Appeals' decision which reversed the trial judge's order dated 1 August 1970 and filed 21 August 1970.

We reverse that portion of the decision of the Court of Appeals which affirmed the judgment dated 1 August 1970 and filed 11 September 1970.

This case is returned to the Court of Appeals with direction that it enter an order vacating the judgment of the Superior Court of Harnett County and directing the Superior Court to enter judgment consistent with this opinion.

Except as to the reversal of the trial court's order allowing defendant Smetzer's motion to dismiss the action as to her, the decision of the Court of Appeals is

Reversed.

Justice HIGGINS did not participate in the consideration or decision of this case.