STACY, C. J., and BARNHILL, J., dissent. *Page 701 
This is an action brought by plaintiff, administrator, cum testamentoannexo, de bonis non, of Henry Haynie, deceased, against E. C. Griggs, principal, and the sureties on his bond, for an accounting. The record discloses the complaint and answer — which are lengthy.
Defendants in their answer deny liability and set up certain defenses and pray that certain parties be made defendants to the action. The facts set forth, in part, as alleged in the answer of E. C. Griggs, are: "Henry Haynie died on March 1, 1910. His last will and testament was dated July 15, 1886, and was admitted to probate in the office of the Clerk of the Superior Court of Anson County on March 18, 1910, recorded in Will Book E, at pages 159, etc. Margaret Haynie, widow of the said Henry Haynie, was appointed executrix of said will, but she renounced her right to qualify as such and recommended the appointment of E. C. Griggs, her son-in-law, as Administrator, cum testamento annexo. Under his will, Henry Haynie devised and bequeathed all of his property both real and personal, to his widow, Margaret Haynie, `To have, hold, use, occupy and enjoy for and during the period of her natural life only. After her death to my daughter, Sarah Anne Haynie, to have and to hold absolutely and in fee simple.' The Sarah Anne Haynie mentioned in said Will was the only surviving child of Henry Haynie and Margaret Haynie, and the said Sarah Anne Haynie subsequent to the execution of said Will, married E. C. Griggs, the Administrator herein. The said Sarah Anne Haynie by a prior marriage to a brother of the said E. C. Griggs had one child namely, David Griggs, who is now the wife of Fred B. Ballinger. Two children were born of the marriage of E. C. Griggs and Sarah Anne Haynie namely, H. Battle Griggs and Herbert C. Griggs.
"After the death of Henry Haynie on March 1, 1910, his widow, Margaret Haynie, and the said Sarah Anne Haynie Griggs and her husband, E. C. Griggs, and the three children above-named, all lived together as one family at the residence of the late Henry Haynie, and continued so to live up until the date of the death of Margaret Haynie on April 26, 1920; that the children of Sarah Anne Griggs, and her husband E. C. Griggs, continued to make their home with their parents up until the date of their respective marriages, as follows: H. Battle Griggs married July 13, 1922; Herbert C. Griggs, married October 7, 1924, and David Griggs married November 26, 1924.
"Mrs. Sarah Anne Griggs died May 27, 1929, after having first made, published and declared her last will and testament, which has been admitted to probate in the office of the Clerk of the Superior Court of Anson County. E. C. Griggs was appointed executor of the last will *Page 702 
and testament of his wife, Sarah Anne Griggs. Under the provisions of her will she devised to her husband, E. C. Griggs, one-fourth (1/4) in value of her real estate to have and to hold for and during the period of his natural life, with the remainder to her three children, David Griggs, H. Battle Griggs and Herbert C. Griggs, share and share alike. Under said Will she bequeathed her personal property, share and share alike, to her husband, E. C. Griggs, and to her children, David Griggs, H. Battle Griggs and Herbert C. Griggs.
"Following the death of Sarah Anne Griggs in 1929, the devisees under her last Will and testament, namely, E. C. Griggs, David Griggs (who married Ballinger), H. Battle Griggs and Herbert C. Griggs undertook to divide between themselves, and in accordance with the provisions of her said Will all of the farming lands owned by the said Sarah Anne Griggs at the time of her death, said division was made by quit-claim deeds to said devisees. In said division 633 acres of land, more or less, was conveyed to E. C. Griggs for and during the period of his natural life, subject to the terms of the Will of the said Sarah Anne Griggs; 412 1/2 acres, more or less, were conveyed to Herbert C. Griggs; 555 acres, more or less, were conveyed to H. Battle Griggs, and 511 acres, more or less, were conveyed to David G. Ballinger. All of the debts of the estate of the said Sarah Anne Griggs have been fully paid and satisfied.
"In January 1930, H. Battle Griggs, Herbert C. Griggs and David Griggs Ballinger and E. C. Griggs, the legatees and devisees named in the last Will and testament of Sarah Anne Griggs, mutually agreed upon a division in accordance with the said last Will and testament of the stock, farming tools and implements and substantially all of the personal property belonging to the estate of the said Sarah Anne Griggs, with the exception of certain personal property set out and enumerated in paragraph 14 of the plaintiff's complaint, which said personal property was and is as this defendant verily believes a part of the estate of the said Sarah Anne Griggs and that the said E. C. Griggs, as Executor of said estate, is now entitled to the possession of said property; that thereafter about July 1930, the said devisees named in the last Will and testament of the said Sarah Anne Griggs, deceased, mutually agreed upon and made a division of the lands belonging to the said Sarah Anne Griggs at the time of her death and executed quit-claim deeds to the several devisees above named; that all of the real estate owned by the said Sarah Anne Griggs at the time of her death was divided as aforesaid, with the exception of the lots of land on the West side of the Camden Road in the Town of Wadesboro, which was the residence of the said Sarah Anne Griggs and her husband E. C. Griggs, at the time of the death of the said Sarah Anne Griggs, and a certain lot and store building on the North side of East Wade Street in the town of Wadesboro; that said real estate was *Page 703 
not then divided between the said parties as it was not susceptible of actual division between said parties and it was deemed advisable on account of economic conditions to hold said property and sell the same for division at a later time; that the devisees named in the last Will and testament of Sarah Anne Griggs above named, entered into possession of the respective lands mutually allotted to and conveyed to each of said parties, under the terms of said last Will and testament, at or prior to the time of the execution of the quit-claim deeds hereinbefore referred to, and each of said devisees has used his or her portion of said land as the individual property of such devisee since said time.
"That in making the division of the real and personal property referred to in the proceeding paragraph, and by participating in and holding and recognizing the property allotted to each of said devisees, by mutual consent of parties referred to in preceding paragraph, the said parties are now estopped to deny that said property was a part of the property owned by Sarah Anne Griggs at the time of her death and that the same passed under the last Will and testament of the said Sarah Anne Griggs, and the plaintiff in this action is also estopped by the acts and conduct of the said legatees and devisees to claim any interest in said property, and has no right to recover anything from the defendants herein.
"That this defendant is informed, advised, believes and so alleges, that the plaintiff in this action has no interest whatsoever in the estate of Sarah Anne Griggs, deceased, and that the said plaintiff, R. B. Jones, Administrator, c. t. a., d. b. n., of Henry Haynie, deceased, is not now the owner of any property sued for in this action, and is not entitled to and should not be permitted to maintain said action against this defendant or the sureties on his Administration Bond. This defendant further says and alleges, that the personal property set out and referred to in paragraph 14 of the plaintiff's complaint is a part of the estate and property of Sarah Anne Griggs, deceased, and that R. B. Jones, c. t. a., d. b. n., of the estate of Henry Haynie, deceased, is not the owner of any of said property and has no right to administer the same, and that the Court had no power or authority to permit or allow the said plaintiff to dispose of any of said property or to make use of the same in any way whatsoever in payment of costs and charges of Administration, including any alleged attorneys' fees, commissions or costs of any kind, and that no legal determination has been had of the title to said property and such orders as have heretofore been made by the Court do not have the legal effect of transferring the title to said property to the plaintiff herein; and this defendant is informed, advised, believes and so alleges, that the said E. C. Griggs, Executor of Sarah Anne Griggs, deceased, is entitled to have the said property returned to him forthwith without any deduction or impairment thereof, and that he is entitled to recover interest *Page 704 
thereon while the same has been wrongfully held by and wrongfully used and misapplied by the plaintiff herein."
A motion was made in the cause as follows:
"Now come the defendants, L. D. Robinson, W. Henry Liles and F. M. Hightower, Jr., and Elizabeth Ratliff Hightower, Executors of F. M. Hightower, deceased, and Effie A. Little and H. W. Little, Jr., Executors of H. W. Little, deceased, and the First National Bank, of Wadesboro, N.C. Administrator of C. M. Burns, deceased, through their undersigned counsel, and move the Court to enter an Order herein making the following parties defendants herein, to-wit: E. C. Griggs, individually, E. C. Griggs, Executor of the last Will and testament of Mrs. Sarah Anne Griggs, deceased, H. Battle Griggs, Herbert C. Griggs and Mrs. David G. Ballinger.
"These defendants respectfully show to the Court that the said above named parties are necessary and proper parties hereto, and are interested in the result of this action for that:
"The defendants will set forth in their answer, as against said parties, that all of the property of the estate of H. Haynie in existence after the death of Margaret Haynie, widow of H. Haynie, went by virtue of the will of H. Haynie, to his only child, Mrs. Sarah Anne Haynie Griggs, and by her will her property in existence at the time of her death was bequeathed and devised to E. C. Griggs, together with her three children, Mrs. David G. Ballinger, H. Battle Griggs and Herbert C. Griggs, and that there has been a settlement and division of the property of the said Mrs. Sarah Anne Griggs, deceased, which settlement extended to and included all of the lands which belonged to the said Mrs. Sarah Anne Griggs under the Will of H. Haynie, deceased, with the exception of two pieces thereof located in the Town of Wadesboro, one constituting a dwelling place, and the other a store building and lot.
"The defendants will also set up that all of the property of the estate of H. Haynie, deceased, which was not used by his widow, before named, was, after her death, used by the said Mrs. Sarah Anne Griggs, the sole legatee and devisee under the said H. Haynie's will, and her children, whose names appear above, and that after the children of the said Mrs. Sarah Anne Griggs attained their majorities, they ratified, approved and consented to all of the uses made thereof, participated therein, consumed and used the same, and are estopped now to claim the same from the defendant, E. C. Griggs, Administrator, c. t. a., of H. Haynie, or individually, and from the defendants who were sureties on the administration bond of the said H. Haynie estate.
"They will allege, in good faith, and offer evidence tending to show that the application for and the appointment of R. B. Jones, Administrator,d. b. n., c. t. a., of H. Haynie, deceased, was on the part of *Page 705 
H. Battle Griggs, who claims also to be the assignee of Herbert C. Griggs, without the consent of Mrs. David G. Ballinger, in an effort to attempt to avoid the applicability of pleas on account of their conduct when they had used and enjoyed, and had benefited from the use and enjoyment of the property of their mother, Mrs. Sarah Anne Griggs.
"The defendants will allege and offer evidence tending to show that a gin was built on one of the tracts of the H. Haynie land, which at that time was the property of Mrs. Sarah Anne Griggs, which she took under the will of H. Haynie, and the said gin was constructed out of funds belonging to the said Mrs. Sarah Anne Griggs, and by her consent and direction, but in this action, the plaintiff, Jones, at the instance of H. Battle Griggs, and such other of said children as may desire to participate therein, seek to collect this fund from these defendants after they have received it in the improvement of the lands, and each of said children benefited in the division of said lands by the increase in value on account of the construction of said ginnery, and these defendants are informed and believe that they are entitled to plead these facts against the children of the said Mrs. Sarah Anne Griggs, who took all of their property rights, if any, under the will of Mrs. Sarah Anne Griggs, and are now estopped to assert any claim thereto on the grounds that said fund was a part of the H. Haynie estate.
"That, for the reason set forth with respect to the above matter, and other matters appearing in the affidavit of E. C. Griggs, which was made on the 10th day of June 1937, which is hereto attached and made a part hereof, these defendants make this motion.
"WHEREFORE, the defendants move the Court to enter an order making the above-named parties, parties to this action, and that process be issued for them as provided by law, and that they be allowed to file such pleadings as they may desire, and that Order be served on the plaintiff, R. B. Jones, Administrator, d. b. n., c. t. a., of H. Haynie, deceased, or his attorneys Fred J. Coxe, or J. C. Sedberry, to show cause why this Motion should not be granted."
The defendant sureties on the bond of E. C. Griggs, administrator of Henry Haynie, deny liability and in their answer say:
"These defendants are informed and believe that there was a full and complete settlement of the Henry Haynie estate by and between the defendant, E. C. Griggs, Administrator thereof, and Sarah Anne Griggs, and that all of the property of said estate not consumed during the lifetime of Margaret Haynie, widow, was delivered and turned over to the said Sarah Anne Griggs, and that the same constitutes a complete and final settlement of said estate.
"These defendants are informed and believe that there was an agreement between Margaret Haynie, widow, and Sarah Anne Griggs, immediately *Page 706 
after the debts of Henry Haynie estate had been paid and practically one year after the qualification of E. C. Griggs, Administrator, c. t. a., of Henry Haynie, deceased, that the said estate should be and remain the property of Margaret Haynie and Sarah Anne Haynie Griggs, according to their respective rights under the aforesaid will of Henry Haynie, deceased, and should be used and managed by E. C. Griggs for them as their property and that the same constituted a full and complete settlement and a complete administration of the estate of Henry Haynie, deceased.
"That on account of the aforesaid agreement and settlement there has been a complete and full administration of the estate of Henry Haynie, deceased, and the plaintiff and H. Battle Griggs, Herbert C. Griggs and Mrs. David Ballinger are estopped and barred from the maintenance of any suit in respect to the same, or to recover any portion or part thereof, and these defendants plead and rely upon such estoppel and bar against any recovery herein.
"WHEREFORE, these defendants having fully answered, pray judgment that the plaintiff recover nothing herein, and that H. Battle Griggs, Herbert C. Griggs and Mrs. David Ballinger be decreed to be estopped and barred from asserting any claim whatsoever against these defendants, and for costs, and for such other and further relief as to the Court may seem just and proper."
The judgment of the court below was as follows:
"This cause coming on to be heard, and being heard before the undersigned Judge, presiding at the November Term, 1940, of the Superior Court of Anson County, upon the motion of the defendants to make parties, whereupon, after hearing the pleadings and the arguments of counsel, and after considering the authorities relied upon by the respective counsel in support of, and in opposition to, the said motion, it appearing to the Court that E. C. Griggs, as Executor of the Last Will and Testament of Sarah Anne Griggs, deceased, and individually, is a necessary party, and that H. Battle Griggs, Herbert C. Griggs and Mrs. David Ballinger, are likewise necessary parties to certain causes of action alleged in the complaint, particularly the causes of action set forth in paragraphs 16, 18, 20 and 21 of the complaint, and the cause of action set forth in the pleading in paragraph 32 of the complaint:
"It is, therefore, Considered, Adjudged and Ordered by the Court, that the said E. C. Griggs, Individually, and E. C. Griggs as Executor of the Last Will and Testament of Sarah Anne Griggs, deceased, and H. Battle Griggs, Herbert C. Griggs and Mrs. David Ballinger be, and they are hereby made party defendants in said action, and it is directed that summons issue from the Clerk of the Superior Court of Anson County, and be served on said defendants, and when so served the said defendants *Page 707 
are allowed thirty days from the date of such service to file such pleadings herein as they may be advised, and that the plaintiff be allowed thirty days thereafter in which to file answer, reply, or other proper pleading. Felix E. Alley, Judge Presiding."
The plaintiff excepted to the judgment as signed and appealed to the Supreme Court.
Was there error in the court below making E. C. Griggs, executor of the last will and testament of Sarah Anne Griggs, E. C. Griggs, individually, and H. Battle Griggs, Herbert C. Griggs and Mrs. David Ballinger parties to the action? We think not.
The court below, in the judgment, after hearing the pleadings and the arguments of counsel and authorities relied on by counsel for plaintiff and defendants in support of their contentions, held that they were necessary parties. In this we see no error. The only exception made by plaintiff is to the "judgment as signed." The only question, therefore, before the Court is whether, on the face of the record, the judgment is supported by the record. Dixon v. Osborne, 201 N.C. 489 (493); In re Will of Beard,202 N.C. 661; S. v. Abbott, 218 N.C. 470 (474).
It is a rule of this Court that where there has been no request to find the facts, it will be presumed that the court below, upon competent evidence, found sufficient facts to support the judgment. McCune v. Mfg.Co., 217 N.C. 351 (354-5); Wood v. Woodbury Pace, Inc., 217 N.C. 356
(359-60); Parris v. Fischer Co., ante, 292 (295).
From an examination of the record, we think the additional parties were necessary to a complete determination of the action. N.C. Code, 1939 (Michie), sec. 456, is as follows: "All persons may be made defendants, jointly, severally, or in the alternative, who have or claim, an interest in the controversy adverse to the plaintiff, or who are necessary parties to a complete determination or settlement of the question involved. In an action to recover the possession of real estate, the landlord and tenant may be joined as defendants. Any person claiming title or right of possession to real estate may be made a party plaintiff or defendant, as the case requires, in such action. If the plaintiff is in doubt as to the *Page 708 
persons from whom he is entitled to redress, he may join two or more defendants, to determine which is liable."
N.C. Code, supra, sec. 460, in part is as follows: "The court either between the terms, or at a regular term, according to the nature of the controversy, may determine any controversy before it, when it can be done without prejudice to the rights of others, but when a complete determination of the controversy cannot be made without the presence of other parties, the court must cause them to be brought in. When in an action for the recovery of real or personal property, a person not a party to the action, but having an interest in its subject matter, applies to the court to be made a party, it may order him to be brought in by the proper amendment," etc. When a complete determination of the matter cannot be had without the presence of other parties, the court must cause them to be brought in. Kornegay v. Steamboat Co., 107 N.C. 115, (117); Parton v.Allison, 111 N.C. 429 (431); Burnett v. Lyman, 141 N.C. 500; McKeel v.Holloman, 163 N.C. 132 (134); Barbee v. Cannady, 191 N.C. 529; Bank v.Lewis, 203 N.C. 644; Fry v. Pomona Mills, 206 N.C. 768.
The bringing in of necessary parties, when a complete determination of the whole matter cannot be had without their presence, is a duty of the trial court. The plain language of N.C. Code, sec. 460, supra, permits and requires this to be done. Kornegay v. steamboat Co., supra; Maxwell v.Barringer, 110 N.C. 76 (84); Parton v. Allison, supra; Burnett v. Lyman,141 N.C. 500; McKeel v. Holloman, 163 N.C. 132 (134).
In Rental Co. v. Justice, 212 N.C. 523, the Court reviews the authorities relating to amendments and says, at p. 523: "By virtue of the liberal powers of amendment the court may, before or after judgment, in furtherance of justice amend any pleading, process or proceeding by adding, or striking out, the name of any party; and at the hearing of the cause, or between terms, or at a regular term, the court may require new parties to be brought in by proper order or sufficient process." McIntosh N.C. Practice Procedure, 245; N.C. Code, secs. 460 and 547; Walker v. Miller,139 N.C. 448; Rushing v. Ashcraft, 211 N.C. 627; Clevenger v. Grover,212 N.C. 13; Peitzman v. Zebulon, ante, 473.
An analogous case is found in McLeod v. Maurer, 215 N.C. 795. This was a suit by creditors for the settlement of an estate, in which the sureties on an administration bond and the heirs-at-law were made parties, and the sureties demurred on the ground of misjoinder of parties and causes of action. The Court affirmed the trial court in overruling this demurrer. N.C. Code, secs. 135, 456 and 507; Leach v. Page, 211 N.C. 622; Robertsonv. Robertson, 215 N.C. 562. *Page 709 
Under the liberal practice in reference to parties to an action, for the purpose of settling all matters in one action, we think that the additional parties were necessary and proper and the refusal of the court below to have them made parties would have been prejudicial to their rights. We do not discuss whether the amendment making new parties is discretionary with the court below and therefore not appealable. Wilmington v. Board ofEducation, 210 N.C. 197 (198).
For the reasons given, the judgment of the court below is
Affirmed.
STACY, C. J., and BARNHILL, J., dissent.