W. B. COLBERT, INDIVIDUALLY. AND W. B. COLBERT, NEXT FRIEND OF SHIRLEY COLBERT, MINOR, v. MAURICE C. COLLINS AND L. L. COLLINS, AND L. L. COLLINS, GUARDIAN AD LITEM OF MAURICE C. COLLINS, MINOR.

(Filed 30 April, 1947.)

Parties § 10c—

   In this action, involving a collision between two automobiles, the Superior Court granted defendants' petition for the joinder of the owner and driver of a third car involved in the collision. *Held:* The order of the Superior Court must be affirmed, since if the additional parties defendant are proper parties, joinder was in the discretion of the court and not subject to review, or if such additional parties are necessary parties to. a complete determination of the controversy, the court was required to have them brought in as parties defendant.

APPEAL by plaintiffs from *Thompson, J.,* at September Term, 1946, of FRANKLIN.

The action was commenced by the above named plaintiffs against the above named defendants to recover damages for negligence alleged to have been caused by said defendants, and the defendants filed petition to the Superior Court of Franklin County for an order making Paul Ingram and Raymond Ingram parties defendant. The allegations are to the effect that there was a collision between the cars of W. B. Colbert, driven by Shirley Colbert, minor, and the car of L. L. Collins, driven by Maurice C. Collins, minor, in which collision a third car of Raymond Ingram, driven by Paul Ingram, became involved. The petition was denied by the Clerk of the Superior Court of Franklin County and an appeal was taken by the defendants to the judge holding the courts, and upon such appeal the ruling of the Clerk was reversed by the judge by an order entered making said Paul Ingram and Raymond Ingram parties defendant. To such order the plaintiffs preserved exception and appealed to the Supreme Court, assigning errors.

*John F. Matthews for plaintiffs, appellants.*
*No counsel for defendants, appellees.*

PER CURIAM. The only exceptive assignment of error contained in the record is to the signing of the judgment by the judge presiding. This assignment of error is untenable, since if the parties sought to be made parties defendant are proper parties the order was within the discretion of the court and not subject to review, or if, on the other hand, such parties are necessary parties, without whose presence a complete determination of the controversy could not be had, the court was required to have them brought in as parties defendant. McIntosh, Prac. & Proc., Sec. 259, p. 245. The order entered, therefore, should be

Affirmed.