DONALD WILLIAM KIMSEY BY NEXT FRIEND, BETTY JANE KIMSEY, v. CARL E. REAVES AND WIFE, BERTIE G. REAVES, AND TRADY T. JOHNSTON, SR.

(Filed 12 October, 1955.)

**1. Parties § 10—**

Ordinarily it is within the discretion of the court to allow or deny a motion to make a party who is not a necessary party to the proceeding a party plaintiff or defendant, and the order entered is not reviewable.

**2. Negligence § 15: Pleadings § 10—**

In the absence of statutory provision to the contrary, a defendant may not set up in plaintiff's action a cross-action against a third party in which plaintiff has no interest, and the question of primary and secondary liability between defendants is usually a matter for them to adjust between themselves.

**3. Negligence § 8—**

The doctrine of primary and secondary liability applies when the negligence of one party is active and that of the other is passive.

**4. Automobiles § 21—**

Where a passenger in a car is injured in a collision between that car and another, the question of active and passive negligence does not pertain, since if both are negligent, their negligence is necessarily concurrent.

**5. Same: Negligence § 15: Parties § 10—In passenger's action, original defendants held not entitled to file cross-action against owner of other car in absence of allegation of concurrent negligence.**

A passenger in a car sued the driver and owner of the other car involved in the collision. Defendants filed a cross-action against the owner of the car in which plaintiff was riding, alleging that the negligence of the driver of that car was the sole proximate cause of the collision, or that in any event the negligence of the driver of that car insulated any negligence attributable to them, and moved that such driver be made an additional

party defendant. *Held:* There being no allegation of concurrent negligence in the cross-action, and the motion for the joinder of the additional party not being under the provisions of G.S. 1-240, the court correctly allowed the motion to strike his name from the cross-action and properly refused to make him an additional party defendant, the original defendants, under their general denial, being entitled to offer evidence tending to show that the collision was caused by the sole negligence of the driver of the car in which plaintiff was riding, and that their negligence, if any, was insulated by the negligence of the driver of that car, without any plea of a cross-action.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by defendants Reaves from *Clarkson, J.,* April Term, 1955, MECKLENBURG. Affirmed.

Civil action to recover compensation for personal injuries resulting from the collision of two automobiles, heard on motion of defendant Johnston to strike his name from the caption and to strike the cross action attempted to be alleged against him by defendants Reaves.

On 27 November 1953, the automobile of defendant Johnston was being operated in a northerly direction on U. S. 29 by his son, and the automobile belonging to defendant Carl E. Reaves was being operated in the same direction by his wife, defendant Bertie G. Reaves. U. S. 29, at the place of the accident, is a four-lane highway. The Johnston car was traveling in the outer right-hand lane, and the Reaves automobile was traveling along the inner right-hand lane. Mrs. Reaves undertook to pass the Johnston car, and the two vehicles collided. Plaintiff was a passenger on the Johnston car and received certain personal injuries.

Thereafter Johnston sued Reaves for damages resulting to his automobile. Reaves filed a cross action and the jury rendered verdict in favor of Reaves, finding that Reaves was not negligent and that the negligence of the operator of the Johnston car was the proximate cause of the collision.

In this action, instituted against defendants Reaves only, the original defendants deny any negligence and plead that (1) the negligence of the Johnston boy was the sole proximate cause of the collision, and that, in any event, (2) the negligence of the Johnston boy insulated any negligence of Mrs. Reaves. They then plead a cross action against defendant Johnston in which they assert that under the judgment entered in the former action Johnston is primarily liable, and that Reaves, if liable at all, is only secondarily liable to plaintiff. Thereupon defendants Reaves moved the court to make defendant Johnston a party defendant to this action to the end that they may recover over against him any amount which the plaintiff recovers of them. An order

making Johnston a party defendant was duly entered and summons issued. Thereafter, defendant Johnston appeared and moved to strike his name from the pleadings and to strike the cross action attempted to be alleged against him by Reaves. He also moved to strike the motion made by Reaves to have him, Johnston, made a party defendant. The motions were allowed, and judgment was entered accordingly. The defendants Reaves excepted and appealed.

*Henry L. Strickland and Wm. H. Booe for appellees.*
*Jones & Small for defendant appellants.*

BARNHILL, C. J. Ordinarily it is within the discretion of the court to allow or deny a motion to make a party who is not a necessary party to the proceeding a party plaintiff or defendant, and the order entered is not reviewable. *Aiken v. Mfg. Co.,* 141 N.C. 339; *Guthrie v. Durham,* 168 N.C. 573, 84 S.E. 859.

"The question of primary and secondary liability is for the offending parties to adjust between themselves." *Dillon v. Raleigh,* 124 N.C. 184; *Bowman v. Greensboro,* 190 N. C. 611, 130 S.E. 502. A defendant, unless the law provides to the contrary, is not permitted to clutter up the plaintiff's claim with an action by him against a third party in which the plaintiff has no interest.

The doctrine of primary and secondary liability applies when the negligence of one party is active and that of the other is passive. *Clothing Store v. Ellis Stone & Co.,* 233 N.C. 126, 63 S.E. 2d 118; *Davis v. Radford,* 233 N.C. 283, 63 S.E. 2d 822. Here the two automobiles collided while both were in motion, traveling upon a public highway. We cannot perceive how either motorist can successfully assert that his negligence was passive while the negligence of the other motorist was active. If both were negligent, necessarily the negligence was concurrent. But defendants Reaves studiously avoid alleging concurrent negligence and do not file their motion under the provisions of G.S. 1-240. Furthermore, defendants Reaves, under their general denial, may offer evidence tending to show (1) that the collision was caused by the sole negligence of the Johnston boy, and (2) that their negligence, if any, was insulated by the negligence of the operator of the Johnston automobile without any plea of a cross action against Johnston.

It follows that we concur in the view of the court below that the order making defendant Johnston a party to this action was improvidently issued, and that his name and the alleged cross action against him should be stricken.

Affirmed.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.