JAMES E. HANNAH v. GEORGE R. HOUSE, ORIGINAL DEFENDANT; AND HOWERTON-BRYAN COMPANY, INC. AND ALTON L. TEMPLE, ADDITIONAL DEFENDANTS.

(Filed 10 January, 1958.)

Automobiles: § 48: Parties § 10: Pleadings: § 10: Torts § 10—

> Where a passenger in a car sues the driver and owner of the other car involved in the collision, such defendants are not entitled as a matter of right to have the driver of the car in which the plaintiff was riding joined as additional defendant upon allegations that such additional defendant's negligence was the sole proximate cause of the accident, there being no claim of liability as a joint tort-feasor, G.S. 1-240, or contention of primary and secondary liability. Such additional party is not necessary to the determination of the issues involved in plaintiff's action.

APPEAL by the original defendant, George R. House, from *Williams, J.,* April-May Civil Term 1957 of DURHAM.

This is a civil action instituted by the plaintiff on 21 September 1956 against the original defendant, George R. House, to recover damages for personal injuries sustained in an automobile collision which occurred in the City of Durham, North Carolina, on 22 September 1953.

In the complaint, plaintiff alleged that he was riding in a Chrysler automobile owned by Howerton-Bryan Company, Inc. and being driven by Alton L. Temple, an employee of said company, when it collided with a Buick automobile, owned and being driven by the defendant, George R. House, at the intersection of Holloway and Roxboro Streets in the City of Durham; that in said collision he suffered serious and permanent injuries. Plaintiff further alleged that the collision and his injuries resulted solely by reason of the negligence of the original defendant in the operation of his automobile on said occasion, and prayed that he recover judgment against the said defendant for his injuries.

The original defendant filed answer to the complaint on 18 January 1957, denying the allegations of his negligence in the operation of his automobile and, by way of a further answer and defense, alleged that said collision was solely and proximately caused by the negligence of Alton L. Temple, employee of Howerton-Bryan Company, Inc., in his operation of said company's automobile; that Alton L. Temple, in driving the automobile owned by his employer upon the occasion in question, was acting in the course and scope of his employment. The original defendant further alleged that at the March Civil Term 1954 of the Superior Court of Durham County, he obtained judgment against Alton L. Temple and Howerton-Bryan Company, Inc. in a civil action instituted by him to recover damages for personal injuries sustained by him in said collision, and that no appeal was taken therefrom and that the judgment has been paid in full. The original defendant further alleged that, by virtue of said judgment, he was entitled to be indemnified, exonerated, and held harmless by Howerton-Bryan Company, Inc. and Alton L. Temple from and against any liability to the plaintiff.

The original defendant, upon motion and without notice, obtained an order from the assistant clerk of the Superior Court of Durham County making Howerton-Bryan Company, Inc. and Alton L. Temple additional parties defendant in this action.

Before expiration of the time for answering the original defendant's cross-action, the additional parties defendant filed separate motions to vacate the order making them parties respectively, and to strike out the original defendant's cross-action. The motions were allowed and the original defendant appeals, assigning error.

*Reade, Fuller, Newsom & Graham, for plaintiff appellee.*

*Ruark, Young & Moore, and Bryant, Lipton, Strayhorn & Bryant, for original defendant appellant.*

*Spears & Spears, Wallace Ashley, Jr., for additional defendant Howerton-Bryan Company, Inc. appellee.*

*Lina Lee S. Stout, for additional defendant Alton L. Temple appellee.*

DENNY, J. At the threshold of this appeal we are confronted by these facts: The original defendant does not seek contribution pursuant to the provisions of G.S. 1-240, *Hobbs v. Goodman*, 240 N.C. 192, 81 S.E. 2d 413; or to establish primary and secondary liability, *Clothing Store v. Ellis Stone & Co.*, 233 N.C. 126, 63 S.E. 2d 118; but complete indemnification and exoneration from liability resulting from any judgment the plaintiff may

obtain. In his answer, he denies any negligence on his part but alleges that the collision complained of was solely and proximately caused by the negligence of Alton L. Temple, employee of Howerton-Bryan Company, Inc., in driving the automobile owned by his employer, upon the occasion in question, while acting in the course and scope of his employment.

When a complete determination of a controversy cannot be made without the presence of other parties, the court must cause them to be brought in. G.S. 1-73. "A person is a necessary party to an action when he is so vitally interested in the controversy involved in the action that a valid judgment cannot be rendered in the action completely and finally determining the controversy without his presence as a party. *Colbert v. Collins,* 227 N.C. 395, 42 S.E. 2d 349; *Jones v. Griggs,* 219 N.C. 700, 14 S.E. 2d 836; 39 Am. Jur., Parties, Section 5; 67 C.J.S., Parties, Section 1." *Garrett v. Rose,* 236 N.C. 299, 72 S.E. 2d 843.

However, as stated by *Barnhill, C.J.,* in *Kimsey v. Reaves,* 242 N.C. 721, 89 S.E. 2d 386, "Ordinarily it is within the discretion of the court to allow or deny a motion to make a party who is not a necessary party to the proceeding a party plaintiff or defendant, and the order entered is not reviewable. *Aiken v. Mfg. Co.,* 141 N.C. 339 (53 S.E. 867) ; *Guthrie v. Durham,* 168 N.C. 573, 84 S.E. 859." Certainly these additional parties are not necessary in order to determine the controversy involved in this action as between the plaintiff and the original defendant.

Moreover, the facts in this case present the identical question for decision that was presented in *Kimsey v. Reaves, supra,* and which was decided adverse to the appellant's contention on this appeal. In fact, counsel for the appellant conceded, in his oral argument before this Court, that unless the above decision is overruled, the appellant is not entitled to the relief he seeks.

The decision in the Kimsey case, in our opinion, should not be overruled. Hence, we affirm the ruling of the court below on the authority of and for the reasons stated in the opinion in that case.

Affirmed.