CECIL G. BULLARD, PLAINTIFF *v.* BERRY COAL & OIL COMPANY, A CORPORATION, DEFENDANT.

(Filed 24 May, 1961.)

**1. Pleadings § 8—**

　　Where a permissible counterclaim will survive regardless of the determination of the issues raised by plaintiff's pleading, defendant at his election may assert his claim as a counterclaim or institute a separate action thereupon, but if the determination of the issues arising upon plaintiff's pleading will preclude defendant's claim, defendant must assert the matter, if at all, by counterclaim. G.S. 1-137.

**2. Same:     Automobiles § 35:     Negligence § 20:     Parties § 1—**

    In paintiff's action to recover for personal injuries received in an automobile accident, defendant asserted that the accident was caused by the negligence of plaintiff driver, had plaintiff's principal joined as a party and sought to recover damages to its vehicle against plaintiff and against the principal under the doctrine of *respondeat superior.* *Held:* Defendant was entitled to file in plaintiff's action the counterclaim against plaintiff and the cross-action against the principal.

APPEAL by Berry Coal & Oil Company from *Gambill, J.,* February 6, 1961, Civil Term, of GUILFORD, Greensboro Division.

Civil action growing out of a collision between a 1950 Plymouth car owned and operated by plaintiff and a 1951 Ford oil delivery truck owned by Berry Coal & Oil Company (Oil Company) and operated by its agent in furtherance of its business.

Plaintiff instituted this action against the Oil Company to recover damages for personal injuries he received and for the damage sustained by his 1950 Plymouth car as the result of said collision. He alleges the collision was proximately caused by the negligence of the Oil Company's driver.

Answering, the Oil Company (1) denied negligence on the part of its driver, (2) pleaded contributory negligence of plaintiff, and (3) alleged a counterclaim (also referred to as a cross action) against both plaintiff and Franklin Life Insurance Company (Franklin) for the damage sustained by its oil truck as the result of said collision. In its counterclaim or cross action, the Oil Company alleged the collision was caused solely by plaintiff's negligence and that, when the collision occurred, plaintiff was operating his 1950 Plymouth car as agent for Franklin and in the course and scope of his agency. Upon the Oil Company's motion, the clerk, by *ex parte* order, joined Franklin as an additional defendant.

Franklin (1) demurred to the counterclaim or cross action, (2) moved that all references to it be stricken therefrom, (3) moved that the *ex parte* order making it a party be vacated, and (4) moved that the counterclaim or cross action be dismissed as to it. Plaintiff, separately, moved that designated portions of the answer and of the counterclaim, to wit, portions containing references to Franklin, be stricken therefrom as irrelevant, redundant and prejudicial to plaintiff.

The court entered an order sustaining Franklin's demurrer, allowing its said motions, dismissing the counterclaim or cross action as to Franklin, and allowing plaintiff's said motion to strike.

The Oil Company excepted and appealed.

*H. L. Koontz and Shuping & Shuping for plaintiff, appellee.*
*Sapp & Sapp for defendant Berry Coal & Oil Company, appellant.*
*Jordan, Wright, Henson & Nichols for additional defendant Franklin Life Insurance Company, appellee.*

BOBBITT, J. The sole ground of objection asserted in Franklin's demurrer is that the Oil Company may not assert herein its alleged cause of action against Franklin but must do so in a separate action.

Ordinarily, in respect of causes of action defined in G.S. 1-137 as permissible counterclaims, a defendant *may* plead his cause of action as a counterclaim in plaintiff's action or institute a separate action thereon. But where the issues raised in the plaintiff's action, if answered in his favor, will necessarily establish facts sufficient to defeat the defendant's cause of action, the defendant *must* assert his cause of action by way of counterclaim in the plaintiff's action. *Hill v. Spinning Co.,* 244 N.C. 554, 558, 94 S.E. 2d 677, and cases cited.

Here, as between plaintiff and the Oil Company, the issues raised in plaintiff's action will determine whose negligence caused the collision. If answered in plaintiff's favor, the Oil Company cannot recover from plaintiff. Hence, the Oil Company's sole remedy in respect of the cause of action it asserts against plaintiff is by way of counterclaim in plaintiff's action. As stated by *Clark, C.J.,* in the oft-cited case of *Allen v. Salley,* 179 N.C. 147, 150, 101 S.E. 545: "There is in this case but one cause of action, the collision, and the remedy sought by plaintiffs and that sought by the defendant depends upon identically the same state of facts, and must be settled in one action."

Franklin is not a plaintiff but a new party. As to Franklin, the Oil Company's cause of action is not a counterclaim. Nor does the Oil Company assert that Franklin is liable as a joint tort-feasor or otherwise for plaintiff's injuries and damage. It bases its right to recover from Franklin solely on account of its liability for plaintiff's negligence under the doctrine of *respondeat superior.* Franklin is a party (defendant) only in relation to the cause of action alleged by the Oil Company against both plaintiff and Franklin.

The Oil Company, prior to the institution of plaintiff's action, could have sued plaintiff, the alleged agent, or Franklin, the alleged principal, or *both,* on the cause of action it now asserts. *Bullock v. Crouch,* 243 N.C. 40, 89 S.E. 2d 749. The question here is whether the Oil Company is deprived of its right to sue both in the same action because it was required, under the rule stated above, to sue plaintiff by way of counterclaim.

G.S. 1-73, cited by appellant, contains this provision: ". . . when

a complete determination of the controversy cannot be made without the presence of other parties, the court must cause them to be brought in." But a complete determination of the controversy as between plaintiff and the Oil Company can be made without the presence of Franklin; and if, prior to the institution of plaintiff's action, the Oil Company could have sued either plaintiff, the alleged agent, or Franklin, the alleged principal, or both, we perceive no reason why the Oil Company is now *required* to join Franklin as a codefendant to its cause of action against plaintiff. The question is whether the Oil Company, at its election, *may* do so.

This question arises: If the Oil Company is not permitted to join Franklin as an additional party and as codefendant in relation to the cause of action it asserts herein, to what extent, if any, will the Oil Company be prejudiced?

It should be noted that the Oil Company, in relation to the cause of action it asserts against plaintiff and Franklin, is the plaintiff.

Assuming Franklin is not a party to this action: A verdict and judgment *adverse to* the Oil Company would bar a later action by the Oil Company against Franklin. *Taylor v. Hatchery, Inc.,* 251 N.C. 689, 692, 111 S.E. 2d 864, and cases cited therein; *Reid v. Holden,* 242 N.C. 408, 415, 88 S.E. 2d 125. On the other hand, notwithstanding a verdict and judgment *in its favor,* the Oil Company, in order to recover from Franklin in a later action, would be required to establish *again* that the collision was proximately caused by the negligence of the present plaintiff. The only effect of the Oil Company's verdict and judgment would be *to preclude* the Oil Company from recovering from Franklin damages in excess of the amount previously awarded against plaintiff. *Pinnix v. Griffin,* 221 N.C. 348, 20 S.E. 2d 366, and cases cited; *Bullock v. Crouch, supra.*

Unless permitted to join Franklin as an additional party and as codefendant to the cause of action it asserts herein, the Oil Company will be seriously prejudiced, indeed barred, in respect of its right to recover from Franklin if the verdict and judgment herein are adverse to it but will be in no way benefited if the verdict and judgment herein are in its favor. On the other hand, if the Oil Company is permitted to do so, neither Franklin nor plaintiff will be prejudiced in respect of any legal right. The mere fact that the trial will involve one additional issue, namely, whether plaintiff, when the collision occurred, was operating his 1950 Plymouth car as agent for Franklin and in the course and scope of his agency, is of negligible significance when compared to the prejudice the Oil Company may suffer if it is not permitted to join Franklin as an additional party and as codefendant to the cause of action it asserts.

Appellees rely on *Montgomery v. Blades,* 217 N.C. 654, 9 S.E. 2d 397, and decisions of like import, in which it is held that, where the plaintiff's action is to recover from two (or more) defendants, jointly and severally, defendant A may not set up a cross action against defendant B to recover damages defendant A sustained on account of the alleged negligence of defendant B. Since plaintiff is in no way involved, it is held such cross action is "not germane to the plaintiff's action." Here, plaintiff is directly involved in the Oil Company's counterclaim against him. Too, he is involved in the Oil Company's action against Franklin in that the very foundation thereof is the alleged negligence of plaintiff.

In the factual situation here presented, we are of opinion, and so hold, that the only way in which the Oil Company may avoid the unequal and prejudicial position in which it would otherwise be placed is by joining Franklin as a party (defendant) in relation to the cause of action the Oil Company asserts against both plaintiff and Franklin, and that it should be permitted to do so.

The conclusion reached is determinative of Franklin's demurrer and motions and of plaintiff's motion. For the reasons stated, the order of the court below is, in all respects, reversed.

Reversed.