JANICE RUTH MANNING v. CLARENCE EARL HART.

(Filed 27 September, 1961.)

1. Torts § 4— In absence of claim of joint-tort feasorship or liability un-
der respondeat superior, driver sued by passenger may not file cross
action against other driver.

A passenger in one car sued the owner of the other car involved in the
collision. Defendant alleged contributory negligence on the part of the
plaintiff and on the part of the driver of the car in which plaintiff was
riding, that the owner of that car was liable for the driver's negligence
under the family car doctrine, and that plaintiff was a niece of the
owner, but did not allege that plaintiff was a member of the owner's
household or was under her control in any respect. *Held:* The allegations
are insufficient to invoke the family car doctrine as between plaintiff-
passenger and the owner so as to entitle defendant to file a cross action
against the owner and driver of the car in which plaintiff was riding,
there being no allegations of concurrent negligence on the part of the
drivers of the vehicles.

2. Automobiles §§ 48, 55½: Parties § 1: Pleadings § 8—

The passenger in one car sued the driver of the other car involved
in the collision. Defendant filed a cross action against the driver and
against the owner of the car in which plaintiff was riding, alleging
negligence on the part of the driver and liability for the owner for the
driver's negligence under the family car doctrine. *Held:* The driver and
the owner of the car in which plaintiff was riding are not necessary
parties to plaintiff's action against defendant, and defendant is not en-
titled to file the cross action notwithstanding that it arose out of the
same collision constituting the basis of plaintiff's action.

APPEAL by defendant from *Cowper, J.,* January Civil Term 1961 of
PITT.

Civil action to recover compensation for personal injuries resulting
from a collision between the automobile in which the plaintiff was rid-
ing as a guest passenger and a pickup truck owned and operated by
the defendant.

On 1 February 1959 the plaintiff, according to the allegations in
the complaint, was riding as a guest passenger in a 1958 two-door
Chevrolet automobile, operated by Linda Gaskins Jackson in an east-
erly direction on North Carolina Highway No. 118 in Pitt County in
the vicinity of Curt Witherington's store; and the defendant was driv-
ing his 1959 Ford pickup truck in a westerly direction on said high-
way. The collision occurred between the hours of noon and 1:00 p.m.
on said date.

Plaintiff alleges that at the time of the collision the defendant was
operating his truck while under the influence of some intoxicating
beverage, and suddenly and without warning drove his truck into

(his) left-hand lane of the highway directly into the path of the automobile in which plaintiff was riding as a guest passenger, causing a head-on collision between said motor vehicles, seriously and permanently injuring plaintiff.

The defendant filed answer denying the material allegations of the complaint and alleging that the automible being operated by Linda Gaskins Jackson at the time of the collision was owned by Ruby Manning Jackson; that Linda Gaskins Jackson was on 1 February 1959 a minor and was the daughter-in-law of Ruby Manning Jackson and lived in her home as a member of her family; that the husband of Linda Gaskins Jackson was away from home most of the time by reason of his employment, and that Linda Gaskins Jackson was a member of the household of Ruby Manning Jackson; that she was dependent upon the supervision and control of her mother-in-law; that the Chevrolet automobile owned by Ruby Manning Jackson was furnished by her for the use and convenience of the members of her household, specifically including her daughter-in-law, Linda Gaskins Jackson; and that it was being operated on 1 February 1959 with the express and implied consent and acquiescence of said owner; that Ruby Manning Jackson provided the said automobile for the use of her niece, Janice Ruth Manning, and said automobile was being operated on said date with the knowledge, consent and acquiescence of the said owner and under the family purpose doctrine in effect in the State of North Carolina, and was entrusted to the said Janice Ruth Manning under said doctrine; and that the plaintiff and Ruby Manning Jackson knew that Linda Gaskins Jackson was incompetent to operate the automobile and was reckless and careless in the operation of the same; and that their acts and conduct in permitting her to operate said automobile resulted in actionable negligence, rendering each of them (the plaintiff and the owner) jointly and severally liable for such injuries and damage as resulted from the operation of said automobile by Linda Gaskins Jackson.

The defendant further alleged that the plaintiff and Linda Gaskins Jackson were at the time of the accident engaged in a joint enterprise and that the negligence of the driver of the automobile was imputed to the plaintiff; that the trip was for a common purpose. The defendant pleaded contributory negligence and undertook to set up a cross action against the plaintiff and against Linda Gaskins Jackson and Ruby Manning Jackson as additional defendants. The original defendant thereupon obtained an *ex parte* order making Linda Gaskins Jackson and Ruby Manning Jackson additional parties defendant.

The plaintiff demurred to the new matter contained in the answer of the defendant, set out in his further answer, defense and for af-

firmative relief. The court below sustained the demurrer and on motion of plaintiff reversed the order making Linda Gaskins Jackson and Ruby Manning Jackson additional parties defendant and struck out the further answer, defense and for affirmative relief.

Defendant Hart appeals, assigning error.

*White & Aycock for plaintiff appellee.*
*Jones, Reed & Griffin for defendant appellant.*

DENNY, J. The appellant poses these questions: (1) Did the court below err in reversing the order of the Clerk of the Superior Court, making Ruby Manning Jackson and Linda Gaskins Jackson parties defendant? (2) Did the court below err in sustaining the demurrer of plaintiff to the further answer of the defendant for affirmative relief, and in striking from the pleadings the further answer and defense of defendant Hart for affirmative relief?

In our opinion, these questions must be answered in the negative.

The appellant cites and relies upon *Bullard v. Oil Co.*, 254 N.C. 756, 119 S.E. 2d 910, as authority for his contention that he should be allowed to prosecute his cross action against plaintiff and Ruby Manning Jackson, the owner of the car in which plaintiff was riding, and Linda Gaskins Jackson, the driver of the car at the time of the collision.

In the *Bullard* case, there was a collision between a car owned and operated by plaintiff and a truck owned by defendant and operated by its agent in the furtherance of its business. Defendant in answering plaintiff's complaint: (1) denied negligence on the part of its driver; (2) pleaded contributory negligence of the plaintiff; and (3) alleged a counterclaim or cross action against plaintiff and his employer, Franklin Life Insurance Company, and further alleged that plaintiff's negligence was the sole cause of the collision and that he was acting within the scope of his employment at the time. The court refused to make Franklin a party and dismissed the counterclaim or cross action against it. On appeal we reversed. *Bobbitt, J.*, speaking for the Court, said: "Ordinarily, in respect of causes of action defined in G.S. 1-137 as permissible counterclaims, a defendant *may* plead his cause of action as a counterclaim in plaintiff's action or institute a separate action thereon. But where the issues raised in the plaintiff's action, if answered in his favor, will necessarily establish facts sufficient to defeat the defendant's cause of action, the defendant *must* assert his cause of action by way of counterclaim in the plaintiff's action. * * *

"Here, as between plaintiff and the Oil Company, the issues raised

in plaintiff's action will determine whose negligence caused the collision. If answered in plaintiff's favor, the Oil Company cannot recover from plaintiff. Hence, the Oil Company's sole remedy in respect to the cause of action it asserts against plaintiff is by way of counterclaim in plaintiff's action. * * * ·

"Franklin is not a plaintiff but a new party. As to Franklin, the Oil Company's cause of action is not a counterclaim. Nor does the Oil Company assert that Franklin is liable as a joint tort-feasor or otherwise for plaintiff's injuries and damage. It bases its right to recover from Franklin solely on account of its liability for plaintiff's negligence under the doctrine of *respondeat superior*. * * *"

If, in the instant case, Ruby Manning Jackson, owner of the car involved, were liable for the alleged negligence of the plaintiff under the family purpose doctrine, *Bullard v. Oil Co., supra,* would be authority for allowing the defendant to make Ruby Manning Jackson a party defendant in order that the original defendant might hold her liable under the doctrine of *respondeat superior* for any verdict he might obtain against the plaintiff by way of counterclaim or cross action.

In our opinion, the allegations of defendant in his further answer, defense and for affirmative relief, with respect to the relationship of the plaintiff and the owner of the car, which was being operated by Linda Gaskins Jackson at the time of plaintiff's injury, are insufficient to establish that the plaintiff was the agent of the owner under the family purpose doctrine or otherwise. There is no allegation that the plaintiff was a member of the household of Ruby Manning Jackson or that she lived with her or was under her control in any respect.

In *Lynn v. Clark,* 252 N.C. 289, 113 S.E. 2d 427, it is said: "In our opinion, the mere allegation that a car owned by a defendant is a family purpose car is an insufficient allegation upon which to recover under the family purpose doctrine.

"Ordinarily, a cause of action based solely on the family purpose doctrine is stated by allegations to the effect that at the time of the accident the operator was a member of his family or household and was living at home with the defendant; that the automobile involved in the accident was a family car and was owned, provided, and maintained for the general use, pleasure, and convenience of the family, and was being so used by a member of the family at the time of the accident with the consent, knowledge, and approval of the owner of the car. 5A Am. Jur., Automobiles and Highway Traffic, section 893, at page 797."

In the case of *McGee v. Crawford,* 205 N.C. 318, 171 S.E. 326, this Court defined the term "family" with respect to the family pur-

pose doctrine as "(1) those who live in the same household, subject to the general management and control of the head thereof; (2) dependence of the members upon such supervising, controlling and managing head; (3) mutual gratuitous services with no intention on one hand of paying for such services, and no expectation on the other of receiving reward or compensation."

In the instant case, the plaintiff alleges in her complaint that she was a guest passenger in the automobile which Linda Gaskins Jackson was driving at the time of the collision, and defendant Hart also alleged in his further answer that Linda Gaskins Jackson was driving said automobile at the time of the collision.

Since we have reached the conclusion that the answer of defendant, designated as a further answer, defense and for affirmative relief, does not contain sufficient allegations upon which the relationship of *respondeat superior* may be established between plaintiff and the owner of the car in which plaintiff was riding at the time of the collision, the ruling of the court below must be upheld.

In our opinion, the facts in this case fall within and are governed by our decisions in *Montgomery v. Blades,* 217 N.C. 654, 9 S.E. 2d 397; *Horton v. Perry,* 229 N.C. 319, 49 S.E. 2d 734; *Wrenn v. Graham,* 236 N.C. 719, 74 S.E. 2d 232; *Kimsey v. Reaves,* 242 N.C. 721, 89 S.E. 2d 386; *Hannah v. House,* 247 N.C. 573, 101 S.E. 2d 357; *Bell v. Lacey,* 248 N.C. 703, 104 S.E. 2d 833, and similar cases.

We have repeatedly held that when a complete determination of a controversy cannot be made without the presence of other parties, the court must cause them to be brought in. G.S. 1-73. "A person is a necessary party to an action when he is so vitally interested in the controversy involved in the action that a valid judgment cannot be rendered in the action completely and finally determining the controversy without his presence as a party. *Colbert v. Collins,* 227 N.C. 395, 42 S.E. 2d 349; *Jones v. Griggs,* 219 N.C. 700, 14 S.E. 2d 836; 39 Am. Jur., Parties, section 5; 67 C.J.S., Parties, section 1." *Garrett v. Rose,* 236 N.C. 299, 72 S.E. 2d 843.

Certainly no additional parties are necessary for a complete adjudication and determination of the plaintiff's cause of action alleged against the defendant Hart.

Several parties may have a cause of action which arises out of the same motor vehicle collision, but that does not mean necessarily that all of them are required to litigate their respective rights or causes of action in one and the same action.

*Barnhill, J.,* later *C.J.,* in *Wrenn v. Graham, supra,* said: "While his (plaintiff's) cause of action, as alleged by him, arose out of the collision of the two automobiles, and proof in respect thereto is es-

sential, the collision is not the subject of plaintiff's action. The personal injuries and property damage suffered by him as a result thereof is the subject of his action and his right to compensation therefor is the claim he asserts."

In *Kimsey v. Reaves, supra,* the plaintiff was a passenger in an automobile owned by T. T. Johnston, Sr., which was being operated in a northerly direction on U. S. Highway No. 29 by his son. An automobile owned by Carl E. Reaves was being operated in the same direction by his wife, defendant Bertie G. Reaves. Mrs. Reaves undertook to pass the Johnston car, and the two vehicles collided. The plaintiff Kimsey was injured. He instituted an action against the defendants Reaves only. The defendants Reaves denied any negligence and plead that (1) the negligence of the Johnston boy was the sole proximate cause of the collision, and (2) then plead a cross action against Johnston, the owner of the car in which the plaintiff was riding. Thereupon, defendants Reaves moved the court to make Johnston a party defendant to the end that they might recover of Johnston any amount the plaintiff might recover of them. The motion was allowed and summons was issued and served on Johnston. Thereafter, defendant Johnston moved to strike his name from the pleadings and to strike the action attempted to be alleged against him by Reaves. He also moved to strike the motion made by Reaves to have him made a party defendant. The motions were allowed and the defendants Reaves excepted and appealed. We affirmed.

Likewise, in the case of *Hannah v. House, supra,* in a similar factual situation, we approved and followed the *Kimsey* case.

In the foregoing cases, the party or parties moving to make additional parties defendant, carefully avoided alleging concurrent negligence, as did defendant Hart in the instant case, thereby refraining from invoking the provisions of G.S. 1-240 for contribution.

The judgment of the court below is

Affirmed.