MARYLAND CASUALTY COMPANY, A CORPORATION, V. CECIL
ASTON HALL

No. 68SC229

(Filed 14 August 1968)

1. **Parties § 1— duty of court to bring in necessary parties**

When a complete determination of a controversy cannot be made with-
out the presence of other parties, the court must cause them to be
brought in. G.S. 1-73.

2. **Parties § 8— joinder of additional parties — joint tort-feasor**

The right to bring in joint tort-feasors for contribution under G.S. 1-240
is the only instance where a party has a right to bring in other parties
who are not necessary parties to the action.

3. **Parties § 8; Insurance § 75— joinder of additional parties defend-
ant — necessary parties**

In an action by an insurance company to collect an amount paid to de-
fendant under a policy of automobile collision insurance, which amount
defendant had allegedly collected from third parties involved in the colli-
sion, the court properly denied defendant's motion to join as additional
defendants the third parties who allegedly had "bound themselves to stand
between this defendant and any subrogation claim made against him by
plaintiff" since they were not necessary parties for a complete adjudica-
tion of the plaintiff's cause of action against the original defendant.

APPEAL from *McLean, J.,* 13 March 1968 Session, BUNCOMBE
County Superior Court.

Plaintiff instituted this action 19 July 1967 setting forth that as
an insurance company it had issued a policy with automobile colli-
sion coverage to the defendant; that defendant made a claim under
said policy for a collision between the defendant's automobile in-
sured by the plaintiff and a vehicle owned by Thomas E. Pulliam
and Leroy Pulliam; that in said collision the defendant had sus-
tained a claimed loss of $808.88; that pursuant to its policy, the
plaintiff paid to the defendant the sum of $708.88 (being the amount
of the loss less $100 deductible as provided in the policy); that at
the time of making the payment to the defendant, the defendant
agreed that the plaintiff would have all rights the defendant might
have against any person or corporation liable for the loss sustained
by the defendant, and the defendant further authorized the plaintiff
"to sue, compromise or settle" in the name of the defendant; that
subsequent to payment made by the plaintiff to the defendant, the
defendant collected damages from Thomas E. Pulliam and Leroy
Pulliam for the loss sustained by the defendant and that as a result
thereof the defendant has incurred liability to the plaintiff for the
$708.88 paid to the defendant by the plaintiff.

The defendant filed an answer admitting the issuance of the policy to him by the plaintiff; the filing of a proof of loss under said policy and the receipt of payment pursuant to said proof of loss. The defendant further admitted that he had collected from Leroy Pulliam and Thomas E. Pulliam, but the sum collected was to cover his claims for personal injuries, pain and suffering, loss of time, medical expenses and property damages, and that there was no apportionment between the various items and the defendant denies liability to the plaintiff. The defendant set up a further answer and a cross-action against Leroy Pulliam and Thomas E. Pulliam and asserts that at the time of the settlement of his claim with them that they "bound themselves to stand between this defendant and any subrogation claim made against him by the plaintiff herein"; that if there is any liability in favor of the plaintiff, such liability is that of Leroy Pulliam and Thomas E. Pulliam and that they are necessary and proper parties to this action, and he requested an order making them parties.

The defendant's answer was filed 20 September 1967 and at the same time the defendant made a motion to make Leroy Pulliam and Thomas E. Pulliam additional parties. The defendant caused a notice to be issued to Leroy Pulliam and Thomas E. Pulliam, together with a copy of the motion and had same served through the Department of Motor Vehicles pursuant to the provisions of the statute for service of process on nonresident motorists. The Commissioner of Motor Vehicles sent a copy of the motion and notice by registered mail to Leroy Pulliam and Thomas E. Pulliam.

The record does not show that the plaintiff was given any notice of the motion to make additional parties.

Under date of 13 March 1968, Judge McLean entered an order denying the defendant's motion to make Leroy Pulliam and Thomas E. Pulliam parties defendant.

The defendant appeals from the order of Judge McLean denying the motion to make additional parties.

*Lee & Allen by H. Kenneth Lee, Attorneys for defendant appellant.*

*No Counsel, Contra.*

CAMPBELL, J.

[1]     Our statute, G.S. 1-73, makes it mandatory "when a complete determination of the controversy cannot be made without the presence of other parties, the court must cause them to be brought in."

They are necessary parties. *Garrett v. Rose,* 236 N.C. 299, 72 S.E. 2d 843.

**[2]** In a single instance, our statute gives a party the right to bring in others, not necessary parties, *i.e.,* the right to bring in joint tort-feasors for contribution. G.S. 1-240.

**[3]** The question, therefore, presented is whether the Pulliams are necessary parties. If they are necessary parties, then it was error to deny the motion making them parties. On the other hand, if they are not necessary parties and only proper parties, it would not be error to deny the motion.

As stated in *Overton v. Tarkington,* 249 N.C. 340, 106 S.E. 2d 717, "(w)hen not regulated by statute the procedural processes which will best promote the administration of justice are left to the judicial discretion of the trial judge. He has plenary power with respect to those who ought to be made parties to facilitate the administration of justice."

As stated in *Manning v. Hart,* 255 N.C. 368, 121 S.E. 2d 721,

"A person is a necessary party to an action when he is so vitally interested in the controversy involved in the action that a valid judgment cannot be rendered in the action completely and finally determining the controversy without his presence as a party. * * *

Certainly no additional parties are necessary for a complete adjudication and determination of the plaintiff's cause of action alleged against the defendant Hart.

Several parties may have a cause of action which arises out of the same motor vehicle collision, but that does not mean necessarily that all of them are required to litigate their respective rights or causes of action in one and the same action."

**[3]** In the instant case, the Pulliams are not necessary parties for a complete adjudication and determination of the plaintiff's cause of action alleged against the defendant Hall. Since the making of additional parties, when they are not "necessary parties", is a discretionary matter with the trial court and no abuse of discretion has been alleged or shown, we find no error in the order of Judge McLean.

No error.

BRITT and MORRIS, JJ., concur.